TOWNSHIP OF WHITE LAKE v. AMOS.

SAME v. RACEWAYS, INC.

1. TOWNSHIPS—ZONING—NONCONFORMING USES.

Township zoning ordinance, restricting use of defendants' land to suburban farm purposes, enacted after southernmost of 3 adjacent parcels had been used by defendants for automobile racing *held*, not invalid as applied to defendants' entire property merely because of diminution of property values, as property not used prior to passage of ordinance for what thereafter became a nonconforming use was usable for some purposes other than for residential purposes.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 8] 58 Am Jur, Zoning § 178 *et seq.*
[2, 3] 58 Am Jur, Zoning §§ 16, 256.
[4] 37 Am Jur, Municipal Corporations § 199.
[5] 58 Am Jur, Zoning §§ 192, 193.
[7] 5 Am Jur 2d, Appeal and Error § 882.
[9] 5 Am Jur 2d, Appeal and Error § 1015.

2. SAME—ZONING ORDINANCE—PRESUMPTIONS—BURDEN OF PROOF.

> A township zoning ordinance is presumed to be valid and the burden is upon the party attacking to prove the ordinance an arbitrary and unreasonable restriction upon the owner's use of his property.

3. SAME—ZONING ORDINANCE—BURDEN OF PROOF.

> Defendants, owner and operator of "drag strip", held, not to have sustained burden of showing invalidity of township zoning ordinance as applied to property acquired subsequent to adoption of the ordinance zoning use of their entire property to suburban farm uses which included some uses other than for residential purposes, where they showed merely some diminution of value because of the limitation on the use.

4. MUNICIPAL CORPORATIONS—ORDINANCES—OFFICERS—ENFORCEMENT —WAIVER—ESTOPPEL.

> An ordinance of a municipality when once legally adopted becomes binding upon all the citizens thereof, officers as well as private citizens, and it is the sworn duty of those officers, charged with its enforcement, to prosecute all violations thereof, such duty not being a personal one that can be waived, nor may they be estopped by any action of theirs from the faithful performance thereof.

5. TOWNSHIPS—ZONING ORDINANCE—WAIVER OF ENFORCEMENT.

> Plaintiff township was not estopped from enforcing duly-adopted township zoning ordinance by reason of assurances of some members of the township board that injunction suit to enforce the ordinance would be dismissed, whereupon defendants spent an additional $5,000 on the preparation of a "drag strip", a nonconforming use of the premises, where no officers are empowered to waive compliance with the ordinance.

6. SAME—ZONING ORDINANCE—CONTINUATION OF NONCONFORMING USE.

> Seasonal occupational use of premises remains effective use during period of inactivity between seasons, hence, defendant race track owner and operator were entitled to continue such nonconforming use of 50′ strip of land acquired subsequent to adoption of township zoning ordinance but essential to operation of premises theretofore acquired as an automobile race track, a nonconforming use under the ordinance.

7. APPEAL AND ERROR—CHANCERY CASES—FINDINGS OF FACT.

> Appeal from an equity decree is heard de novo by the Supreme Court on the record and great weight is given to the findings of fact of the trial court.

8. TOWNSHIPS—ZONING ORDINANCE—DRAG STRIP—NONCONFORMING USE—EVIDENCE.

  Evidence in township's suit to enjoin continuation of operation of "drag strip" on defendants' property, a nonconforming use under duly-adopted township zoning ordinance *held,* to show trial court erred in finding insufficient evidence to support existence of a nonconforming use.

9. COSTS—APPEAL AND ERROR—MODIFICATION OF DECREE.

  No costs are allowed on appeal in suit to enjoin continuation of nonconforming use of defendants' land under township zoning ordinance, where decree is modified, since neither party has succeeded fully.

Appeal from Oakland; Holland (H. Russel), J. Submitted March 6, 1963. (Calendar Nos. 71, 72, Docket Nos. 49,444, 49,445.) Decided December 2, 1963.

Bill by the Township of White Lake, a municipal corporation, against Robert Amos and Pontiac Speedway, Inc., a Michigan corporation, to restrain use of land for automobile race track in violation of zoning ordinance. Similar action against Raceways, Inc., a Michigan corporation. Pontiac Speedway, Inc., dismissed as party. Cases consolidated for trial and on appeal. Twin Lakes Improvement Association, a Michigan corporation, intervened as party plaintiff. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Paul M. Mandel,* for plaintiff.

*Milton M. Maddin,* for intervening plaintiff.

*Smith & Pratt (Clarence L. Smith,* of counsel), for defendants.

SMITH, J. Plaintiff commenced suit in 2 separate actions to enjoin defendants from proceeding with

preparations for the operation of a drag* strip. It is undisputed that the operation of the proposed drag strip would be violative of the provisions of a township zoning ordinance which became effective April 14, 1955. Twin Lakes Improvement Association, a group of property owners in the vicinity of the site in question, was allowed to intervene as party plaintiff in each action. Defendant Pontiac Speedway was subsequently dismissed as a party to the litigation. The 2 cases were consolidated for trial and a decree entered permanently enjoining defendants from further preparing to operate or operating the proposed drag strip and from using subject property in any manner inconsistent with the township zoning ordinance. From such decree, defendants appeal.

The present litigation involves 3 adjoining parcels of land located in the township of White Lake, Oakland county, Michigan, hereafter referred to as A, B, and C. Parcel A, consisting of approximately 16 acres, was acquired by defendant Amos in 1952 and converted into an auto race track. At the time of acquisition, the property was zoned for commercial purposes and presently retains such classification. Parcel B is contiguous to parcel A to the north, and consists of approximately 9 acres; under the present ordinance it is zoned for "suburban farm" purposes. Parcel C is a tract consisting of approximately 15 acres, and adjoins parcel B on the north; it is zoned for "suburban farm" purposes. The area to the north of parcel C is residential in character as is the property to the south of parcel A. In the area to the south of parcel A a redevelopment project has taken place and there presently exists in such subdivision approximately 25 homes, with values ranging between $20,000 and $35,000. Between this

---

* Drag. An acceleration contest between automobiles. Webster, New International Dictionary (2d ed), Addenda, p cvii.—Reporter.

subdivision and the subject 3 tracts there exists a commercial area which includes a small manufacturing plant. Approximately 200 feet to the east of parcel C is a swampy area including a small private dump. To the east of parcels A and B is a farming area on which is located a small gravel pit. The area west of parcels A, B, and C consists of wooded picnic grounds and a trailer park.

Defendants acquired parcels B and C in June, 1959, and commenced to convert the race track into a drag strip covering all 3 parcels of land in question. The record further discloses that approximately $63,000 has been expended on this project. Evidence was introduced at trial which tended to show the undesirability of establishing homes on parcels B or C, such evidence indicating that the proximity of the area to the auto racing on parcel A would make this undesirable. Defendants contend that the "suburban farm" classification implied residential use only and thus contend the ordinance is unreasonable as to the 2 parcels in question. The trial court held:

"The ordinance clearly permits use and uses of said parcels B and C, other than for residential purposes and clearly permits other uses to be made of suburban farm areas not as accessory to residential use."

A reading of the applicable portion of the ordinance tends to support this finding. Article 7 of the aforementioned zoning ordinance provides in part:

"The provisions of this article shall be applicable to suburban farms district, and, except as otherwise provided in this ordinance, no building or land shall be erected or used in said district except for 1 or more of the following specified uses.

"(a) Uses set forth and described in section 6.1 hereof. [Relates to residential uses.]

"(b) Nurseries, small greenhouses and truck gardening.

"(c) Raising and keeping of fowl and/or rabbits for commercial purposes, and keeping of [sic] personal use of domestic animals or other livestock, provided they are properly housed and fenced so as not to become nuisance [sic]."

The evidence fails to show that parcels B and C could not be beneficially used under "suburban farm" classification. Although the testimony of witnesses indicated the undesirability of using such tracts for residential purposes only, there was no evidence that subject property could not be advantageously used as permitted by the ordinance for purposes other than residential. Mere diminution of value is not confiscation. There will always exist a disparity in values between residential and commercial uses. *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, 433. The zoning ordinance is presumed to be valid and the burden is upon the party attacking to prove the ordinance an arbitrary and unreasonable restriction upon the owner's use of his property. *Janesick* v. *City of Detroit,* 337 Mich 549. We agree with the lower court, for reasons cited above, that defendants failed to meet this burden.

Appellants further contend that plaintiffs by their actions became estopped from prosecuting this action for injunction. The injunction suit was instituted under authority of the 5-member township board. It is alleged that subsequent to the commencement of suit defendant Amos was assured by 3 members of the board that the suit would be dismissed. It is further alleged that in reliance upon such assurances defendants proceeded with construction, expending an additional $5,000 before being notified that the suit would not be dismissed. In *Fass* v. *City of Highland Park,* 326 Mich 19, 30, this Court quoted with approval from *Magruder* v. *City*

*of Redwood,* 203 Cal 665 (265 P 806), wherein the California court held (p 675) :

"An ordinance of a municipality when once legally adopted becomes binding upon all the citizens thereof, officers as well as private citizens, and it is the sworn duty of those officers, charged with its enforcement, to prosecute all violations thereof. This duty is not a personal duty that can be waived at their will, nor can they be estopped by any action of theirs from the faithful performance of the same."

For the reasons expressed therein, we hold that the claim of estoppel will not lie.

Defendants further contend that a nonconforming use existed with respect to the southernmost 50 feet of parcel B. The record discloses that a portion of parcel B was used as a pit area in conjunction with the operation of the race track on parcel A. The record further shows that such area was used by race drivers to park their cars prior to being called up for the race. The only improvements to the area consisted of a small amount of grading and the installation of a single light pole. The trial court held :

"The testimony relative to the extent of the use of the claimed nonconforming use and the testimony relating to the area covered, if any, at the time of the enactment of the zoning ordinance is so meager that the court is unable to say that a nonconforming use under the law applicable existed."

The lawful use of property existing at the time of enactment of a zoning ordinance may be continued with the provisions of such ordinance. (CL 1948, § 125.286 [Stat Ann 1958 Rev § 5.2963 (16)]). The undisputed testimony of defendant Amos was that the southernmost 50 feet of parcel B was essential to the operation of the race track, and that such area was used continuously, during the racing season only, until issuance of the injunction precluding such

use. This Court has held that where an occupational use is seasonal there remains effective use during periods of inactivity between seasons. *Adams v. Kalamazoo Ice & Fuel Co.,* 245 Mich 261.

The appeal being from an equity decree it is heard in this Court on the record *de novo.* Although great weight is to be given to the findings of fact of the trial judge (*Hartka v. Hartka,* 346 Mich 453), a review of the record presently before us indicates the trial court erred in finding insufficient evidence to support the existence of a nonconforming use.

The decree of the lower court shall be modified to include recognition of the nonconforming use, otherwise affirmed. No costs, parties not having succeeded fully.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and O'HARA, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.