MARCONERI v VILLAGE OF MANCELONA

Docket No. 58488. Submitted December 8, 1982, at Grand Rapids.—
Decided March 21, 1983. Leave to appeal applied for.

Plaintiffs, Vito and Neva A. Marconeri, are owners of property
adjacent to an office of defendant Antrim County State Bank.
Defendant Village of Mancelona approved plans of defendant
bank to construct a 34-foot curb cut to accommodate a drive-in
window. The village ordinances require that a curb cut be 10 to
25 feet and had not been amended. Plaintiffs brought an action
for an injunction in the Antrim Circuit Court, which denied
relief, William R. Brown, J. Plaintiffs appealed. *Held:*

An injunction which will be ineffectual should not be
granted. The relief requested, that the driveway be 25 feet or
less, would not prevent the type of harm or injury plaintiffs
allege as an element of their cause of action. In fact, it would
increase it.

Affirmed.

BEASLEY, J., dissented. He would hold that the relief should
be granted because neither the bank nor the village have a
right to violate village ordinances but would give the village an
adequate time to properly amend the ordinance.

OPINION OF THE COURT

1. INJUNCTIONS — REMEDIES.
An injunction which will be ineffectual should not be granted.

DISSENT BY BEASLEY, J.

2. INJUNCTIONS — VILLAGES.
*Injunction is a proper remedy to enforce compliance with a
village ordinance.*

*Stanley E. Brake, P.C.,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Injunctions § 40.
[2] 42 Am Jur 2d, Injunctions § 189.

*Alton T. Davis,* for defendant Village of Mance-
lona.

*Murchie, Calcutt & Sondee* (by *Jack E. Boynton),*
for defendant Antrim County State Bank.

Before: R. B. BURNS, P.J., and BEASLEY and M. B.
BREIGHNER,* JJ.

R. B. BURNS, P.J. Plaintiffs appeal from a judg-
ment which declined to grant injunctive relief to
plaintiffs because they had failed to demonstrate
harm. Plaintiffs, owners of property adjacent to
defendant bank, sought a temporary restraining
order and a permanent injunction enjoining the
bank from constructing a driveway for a drive-in
window over a sidewalk running in front of their
properties. The defendant village approved these
plans, even though the proposed plans would re-
quire a curb cut of 34 feet. The width of this curb
cut violates Chapter 4001-9 of the Mancelona Vil-
lage Ordinance Code, which provides: "No single
curb cut shall exceed twenty-five (25) feet nor be
less than ten (10) feet." The driveway was com-
pleted one year before the case went to trial.

Despite their pleadings and claims of unsafe
pedestrian conditions due to the length of the curb
cut, plaintiffs' primary complaint seems to be with
the increased street traffic due to the bank's drive-
in window. This window backs up traffic on the
street running in front of their businesses, block-
ing both pedestrian and vehicle ingress and egress
to plaintiffs' business.

Injunctive relief is equitable in nature. In equity
cases, this Court's review of the record is *de novo*
with due deference being given to the findings of
the trial court. This Court will sustain those find-

* Circuit judge, sitting on the Court of Appeals by assignment.

ings unless its ruling would have been contrary to that of the trial court. *Cascade Twp v Cascade Resource Recovery, Inc,* 118 Mich App 580; 325 NW2d 500 (1982). Further, an ineffectual injunction will not be granted. See *Three Lakes Ass'n v Kessler,* 91 Mich App 371; 285 NW2d 300 (1979).

In the present case, requiring the driveway to be 25 feet in width or less will only compound plaintiffs' problems, not solve them. Should this Court require the bank to decrease the width of their drive, by enjoining the use of the wider drive, it would either decrease the number of windows available or the number of spots available to cars lining up to use these windows. Thus, the ultimate effect of the injunction and subsequent narrowing of the driveway would be to increase the blockage of the street, both in duration and occurrence. The other alternative, requiring the bank to route traffic onto the street, would clearly be hazardous to pedestrian traffic. This solution would create a blind spot because of the corner of the bank which would prevent drivers, as well as pedestrians, from anticipating the presence of danger.

Unquestionably, this Court could require the bank to go through the necessary procedure to obtain a curb-cut permit. Further, it could require that this cut be less than 25 feet in width. By doing this, however, this Court would not prevent that type of danger or harm which plaintiffs are alleging they have suffered. Under these circumstances, an injunction should not be issued. See, *e.g., Dutch Cookie Machine Co v Vande Vrede,* 289 Mich 272; 286 NW 612 (1939).

Accordingly, the trial court's refusal to grant plaintiffs' injunction is affirmed.

M. B. BREIGHNER, J., concurred.

BEASLEY, J. *(dissenting)*. I respectfully dissent.

The resolution of defendant Village of Mancelona approving defendant bank's plans for a 34-foot curb cut violated defendant village's ordinance limiting curb cuts, which provides as follows:

"9. *Curb cuts.* No openings in or through any curb of any street shall be made without first obtaining a written permit from the Superintendent. Curb cuts and sidewalk drive way crossings to provide access to private property shall comply with the following:
"(a) No single curb cut shall exceed twenty-five (25) feet nor be less than ten (10) feet."

Defendant village did not comply with the amendment procedure provided in its own ordinance. Neither defendant village nor the defendant bank had any right to violate the village ordinances. On the contrary, both are bound to comply with the ordinances, the same as everyone else.[1] I do not share the trial court's conclusion that somehow subsection 9(d) permits defendant village to ignore 9(a). Subsection 9(d) provides as follows:

"(d) The maximum number of lineal feet of sidewalk drive way crossings permitted on any lot, parcel of land, business or enterprise, shall be forty-five (45%) percent of the total abutting street frontage up to and including two hundred (200) lineal feet of street frontage plus twenty (20%) percent of the lineal feet of street frontage in excess of two hundred (200) feet."

It may be, as the majority suggests, much ado about nothing to grant the bank special privileges regarding curb cuts, but the fact is that defendant

---

[1] *Magruder v City of Redwood,* 203 Cal 665; 265 P 806 (1928), cited with approval in *White Lake Twp v Amos,* 371 Mich 693, 698-699; 124 NW2d 803 (1963).

village and the defendant bank violated the clear, unambiguous ordinances.

There was available a simple, straightforward way to amend the ordinance. Defendant village and the defendant bank did not choose to follow it. Under these circumstances, I would vote to grant the request for injunction, to set aside the permission insofar as it violates the ordinances, and to afford defendant village and the defendant bank a brief period to seek the requisite amendment of the ordinance. In the event defendant village does not so amend the ordinance and then permits the curb cut that has been constructed, I would grant plaintiff equitable relief to enforce compliance by the defendant bank with the ordinance.