### I. Louise MacNeil vs. Town of Avon.

Norfolk. February 1, 1982. — May 28, 1982.

Present: Hennessey, C.J., Liacos, Abrams, Nolan, & O'Connor, JJ.

Zoning, Validity, Constitutional Law, Zoning, Police Power.

A requirement of a town's zoning by-law that a lot have 200 feet of frontage on a public way and an area of 40,000 square feet as prerequisites to the issuance of a special permit to construct multiple family dwellings was constitutional as applied to a parcel of land having 190 feet of frontage and an area of 137,000 square feet, where, as so applied, it had substantial relation to the public health, safety, or general welfare and did not result in such a deprivation of the practical uses of the property as to constitute a taking without compensation. [340-344]

CIVIL ACTION commenced in the Land Court Department on March 16, 1979.

The case was heard by Sullivan, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

John H. Flood, Town Counsel, for the defendant.

Robert W. Huffhines, Jr., for the plaintiff, submitted a brief.

O'Connor, J. We consider whether a zoning by-law requiring a 200 foot frontage as a prerequisite to obtaining a special permit to construct one or more multiple-family dwellings is constitutional as applied to the plaintiff's property. We hold that the by-law is constitutional as applied.

The plaintiff owns an inverted "L" shaped parcel in Avon. The parcel contains a house and barn and comprises approximately 137,000 square feet, with 190 feet of frontage on Highland Street. Much of the parcel is vacant.

The plaintiff's land is in the town's "Residence A" zoning district. Permitted uses as of right in a "Residence A" district include a detached single family dwelling, one two-

family or duplex building, and certain other uses. Lots zoned "Residence A" must contain at least 25,000 square feet of area and 150 feet of frontage. A building or buildings with three or more dwelling units are allowed by special permit if the lot has at least 200 feet of frontage and an area of at least 40,000 square feet.

The plaintiff petitioned the Land Court for a declaratory judgment as to the constitutionality of the 200 foot frontage requirement for a special permit as applied to the peculiar configuration of her land. A judge of that court held that the 200 foot frontage requirement was valid as applied. The Appeals Court reversed. *MacNeil* v. *Avon,* 12 Mass. App. Ct. 179 (1981). We affirm the judgment of the Land Court.

The plaintiff argues that a 200 foot frontage requirement, as applied to a lot with 190 feet of frontage and containing 137,000 square feet in area, does not bear a reasonable relation to a valid public interest, and therefore is unconstitutional. She further contends that even if the by-law, as applied to her land, does serve a valid public interest, the benefit to the public is outweighed by the infringement on her property interest, and for that reason the by-law is unconstitutional as applied.

A zoning by-law, although valid generally, may be unconstitutional as applied to a particular parcel of land when, due to peculiarities of the parcel, application of the by-law is unnecessary to accomplish the public purpose for which the by-law was created. *Jenckes* v. *Building Comm'r of Brookline,* 341 Mass. 162, 165-166 (1960). *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 444-445 (1949). *Pittsfield* v. *Oleksak,* 313 Mass. 553, 555 (1943). See *Nectow* v. *Cambridge,* 277 U.S. 183 (1928). The plaintiff has the burden of demonstrating unconstitutionality. In order to do so she must show that its terms are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Turnpike Realty Co.* v. *Dedham,* 362 Mass. 221, 233 (1972), cert. denied, 409 U.S. 1108 (1973), quoting *Euclid* v. *Ambler Realty Co.,*

272 U.S. 365, 395 (1926). "Every presumption is to be af-
forded in favor of the validity of . . . [a by-law] and if its
reasonableness is fairly debatable the judgment of the local
authorities who gave it its being will prevail." *Turnpike
Realty Co.* v. *Dedham, supra* at 233, quoting *Schertzer* v.
*Somerville,* 345 Mass. 747, 751 (1963). See also *Crall* v.
*Leominster,* 362 Mass. 95, 101 (1972); *Aronson* v. *Sharon,*
346 Mass. 598, 603 (1964); *Caires* v. *Building Comm'r of
Hingham,* 323 Mass. 589, 594-595 (1949); *Simon* v.
*Needham,* 311 Mass. 560, 564 (1942).

In the alternative, a landowner may prove a zoning by-
law unconstitutional by demonstrating that it results in a
taking of his land without compensation, and is not merely a
regulation of the use of his land as a legitimate exercise of the
police power. See *Brett* v. *Building Comm'r of Brookline,*
250 Mass. 73, 77-78 (1924). "[W]hile property may be
regulated to a certain extent, if regulation goes too far it will
be recognized as a taking. . . . [A] strong public desire to im-
prove the public condition is not enough to warrant achiev-
ing the desire by a shorter cut than the constitutional way of
paying for the change. . . . [T]his is a question of degree
. . . ." *Aronson* v. *Sharon, supra* at 604, quoting *Penn-
sylvania Coal Co.* v. *Mahon,* 260 U.S. 393, 415-416 (1922).
See *Commissioner of Natural Resources* v. *S. Volpe & Co.,*
349 Mass. 104, 107-111 (1965). The regulation constitutes a
taking only if it "deprives the [plaintiff's] land of all practical
value to [her] or to anyone acquiring it, leaving them only
with the burden of paying taxes on it." *MacGibbon* v. *Board
of Appeals of Duxbury,* 356 Mass. 635, 641 (1970).

Some of the objectives for which zoning may be estab-
lished, as provided in St. 1975, c. 808, § 2A, include lessen-
ing congestion in the streets, conservation of health, secur-
ing safety from fire and other dangers, provision of ade-
quate light and air, prevention of overcrowding of land,
and avoidance of undue concentration of population. A
regulation that materially promotes one or more of these ob-
jectives substantially relates to public health, safety, and
welfare. *Caires* v. *Building Comm'r of Hingham,* 323

Mass. 589, 594 (1949). This court has not previously considered a challenge to a frontage requirement except in conjunction with an area requirement. See *Aronson* v. *Sharon, supra.* Here we are called upon to consider the constitutionality of a frontage requirement standing alone. Reasonable frontage requirements may materially promote the objectives of zoning, noted above, and, therefore, may substantially relate to public health, safety, and welfare. We are unable to say that a 200 foot frontage requirement for lots with three or more dwelling units is unreasonable or arbitrary.[1] We make no attempt to enumerate all of the considerations that might reasonably lead the citizens of a town to conclude that such a requirement promotes the legitimate objectives of zoning. By way of example, however, we are satisfied that a multiplicity of dwelling units may reasonably be thought to increase the amount and size of firefighting equipment required to respond to fire, and to require more frontage to accommodate it than is required by a single family unit. See *Gifford* v. *Planning Bd. of Nantucket,* 376 Mass. 801, 807-808 (1978); *Howland* v. *Acting Superintendent of Bldgs. & Inspector of Bldgs. of Cambridge,* 328 Mass. 155, 160 (1951). The citizens of the town may reasonably have concluded that, as the number of dwelling units increases, the number of motor vehicles entering and leaving the premises and parking along the frontage also increases, creating congestion and interfering with access by emergency vehicles.

The plaintiff argues that the difference between 200 feet of frontage and 190 feet of frontage cannot make any significant difference with respect to the legitimate public interest, and therefore, as applied to her land, the by-law is arbitrary and unconstitutional. The short answer is that if there are to be any frontage, area, and set-back zoning re-

---

[1] We note the plaintiff's statement in her brief that "[t]he initial proposal for the property involved a multiple dwelling to be used for housing for the elderly" and the statement in her reply brief that "[a]ppellant was seeking only 16 units not necessarily the 24 units the special permit might have allowed her."

quirements, lines must be drawn somewhere. There must be limits. No case has been brought to our attention in which a court has held that a facially valid frontage requirement is unconstitutional as applied to a particular parcel of land because the parcel's frontage almost meets the by-law requirement. *Metzger* v. *Brentwood,* 117 N.H. 497 (1977), relied on by the plaintiff, is not such a case. The plaintiff has not shown that a 200 foot frontage requirement for parcels of land with multiple dwelling units lacks substantial relation to the public interest, nor has she shown that the peculiarities of her land are such that application of the by-law is unnecessary to accomplish its purposes.

The plaintiff's failure to show a lack of substantial relation between the by-law as applied and the public interest does not dispose of the matter. Even though the by-law is substantially related to the public interest, if it deprives the plaintiff of so much of the practical use of her property as to constitute a taking without compensation, it cannot stand. *Commissioner of Natural Resources* v. *S. Volpe & Co.,* *supra* at 107. The line between regulation as a proper exercise of the police power and confiscation is far from precise. Application of the frontage requirement to the plaintiff's land reduces the number of potential uses to which it may be put, and presumably reduces its market value. Nevertheless, the land can be used in the ways that the by-law permits of right. The by-law is not unconstitutional as applied because it prevents the land from being put to its most profitable use, *Turnpike Realty Co.* v. *Dedham, supra* at 236, *Simon* v. *Needham, supra* at 565, or because the value of the land is substantially diminished, *Turnpike Realty Co.* v. *Dedham, supra* at 236.

The plaintiff would have us determine the validity of the by-law by assessing the comparative benefit to the town and the harm to her land resulting from its application. We decline to adopt a balancing approach, although we are aware of language that appears to support it in *Jenckes* v. *Building Comm'r of Brookline,* 341 Mass. 162, 165-166 (1960), *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 445

(1949), and *Simon* v. *Needham, supra* at 565. The language was unnecessary to those decisions, which applied the principles we rely upon here. The court in *Metzger* v. *Brentwood,* 117 N.H. 497, 501-503 (1977), appears to have followed a balancing approach, but in that case the court concluded that in light of the unique features of the land involved there was adequate access without application of the by-law. Also, in that case, application of the by-law would apparently have deprived the landowner of any practical use of the land. See *Carbonneau* v. *Exeter,* 119 N.H. 259, 264 (1979). Our rule is that a by-law requiring minimum frontage is valid as applied unless it is shown that, as applied, it has no substantial relation to the public health, safety, or general welfare, or results in such a deprivation of the practical uses of the property to which it is applied as to constitute a taking without compensation. Whether the by-law results in a taking without compensation does not depend upon the quantum of benefit to the public interest. The plaintiff has not made the required showing.

> *Judgment of the Land Court*
> *affirmed.*