William DOORACK and Marilyn B. Doorack, Appellants,

v.

BOARD OF ADJUSTMENT OF the CITY OF TOWN AND COUNTRY, Respondents.

No. 50697.

Missouri Court of Appeals, Eastern District, Division Four.

April 29, 1986.

Shifrin, Treiman, Barken, Dempsey, Ulrich & Davis, Bernard A. Barken, Gary S. Heggs, St. Louis, for appellants.

James L. Sullivan, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Owners, William and Marilyn B. Doorack, appeal from the judgment of the circuit court affirming the decision of the Board of Adjustment of the City of Town and Country which denied them a permit to construct a second driveway from their residence to an adjacent public street. We affirm.

Owners submitted plans to the Building Commissioner for a new home in a subdivision located in the City of Town and Country (City). The plans depicted two driveways. The first driveway was a circle drive in the front of the residence which exited onto a subdivision street, Todforth Way. The second was a driveway in the back which extended from the garage to Bopp Road, a public street. The Building Commissioner returned the plans with a notation that the rear driveway would not be allowed unless the Board of Aldermen approved it. Owners began construction and requested permission from the Board of Aldermen to build the rear driveway. The Street Commissioner inspected the site along with the City's Consulting Engineer and recommended to the Board of Aldermen that Owners' request be denied. The Board of Aldermen accepted the Street Commissioner's recommendation. Owners petitioned the City's Board of Adjustment (Board) for a variance.[1] The Building Commissioner recommended denial of the variance for the reasons that the proposed driveway would "create an unsafe ingress and egress" onto Bopp Road in violation of § 17.09(I)(1)(a)[2] of the Municipal Code; and that, when the subdivision was developed, no driveways from individual lots onto Bopp Road were approved in accordance with § 17.09(I)(9)(c).[3] Owners appealed to the Board, which conducted a hearing and affirmed the decision of the City officials. The circuit court denied a writ of certiorari and affirmed the decision of the Board.

On appeal, we determine first if the Board's action was authorized by law; and second, whether its decision was supported by competent and substantial evidence upon the whole record. *Wolfner v. Board of Adjustment of City of Frontenac,* 672 S.W.2d 147, 150 (Mo.App.1984). Neither this court nor the circuit court may substitute its judgment for that of the administrative tribunal. *Id.* Owners' first two points, in essence, focus on the authority of the Board to act. Their third point deals with whether the Board's decision was supported by substantial evidence upon the whole record.

In their first point, Owners question whether it is within the power of the City to regulate an abutting landowner's access to a public road and whether such regulation was reasonable. Both parties agree that Owners have a right of access to an adjacent public road. *See State ex rel. State Highway Comm'n v. Hoffmann,* 132 S.W.2d 27, 32 (Mo.App.1939). Both also agree that this right of ingress and egress

1. Owners were seeking a variance from the ordinance which required the entire subdivision plat, with designated means of ingress and egress, to be approved when the subdivision was created. As such, they were seeking a revision of the entire subdivision plat as approved.

2. Section 17.09(I)(1)(a) provides:
There shall be an adequate, safe and convenient arrangement of pedestrian circulation facilities, roadways, driveways, off-street parking, and loading spaces.

3. Section 17.09(I)(9)(c) provides:
The Planning and Zoning Commission shall approve the number of entrance and exit driveways which in its opinion is necessary to provide the safe movement into and out of the parking area....

is subject to the valid exercise of the police power of the City to protect the public and to facilitate traffic. *See State ex rel. State Highway Comm'n v. Meier*, 388 S.W.2d 855, 857 (Mo. banc 1965). The right of access may be limited to a reasonable access under the existing facts and circumstances of each case. *State ex rel. State Highway Comm'n v. Zahn*, 633 S.W.2d 185, 190 (Mo.App.1982). "The right does not include the right to travel in any particular direction from one's property or upon any particular part of the public highway right-of-way...." *Meier*, 388 S.W.2d at 857.

█ Here, Owners had access to an adjacent public street. The circle driveway in front of Owners' home connected with a subdivision street which in turn led to a public street. For all the other lots in the subdivision this single means of ingress and egress was sufficient. Further, Bopp Road was still accessible to Owners, albeit by a more circuitous route. Restriction of the Owners' access to Bopp Road was a reasonable exercise of the Board's police power. Owners' first point is denied.

█ Owners' second point is that the City's ordinances do not vest City officials with the authority to deny a request for a driveway.

Section 21.04(B)(2)(a)(9) of the City's Code states in pertinent part:

The extent and placement of curb cuts onto collector, service, or arterial streets shall require the City's approval and the approval of the party having jurisdiction over said street....

Section 8.03(F)(1) provides in pertinent part:

Any person, firm or corporation, before disturbing, encroaching, cutting or excavating to any depth of any area in, upon or across any street, right-of-way or public easement shall first apply to the Street Commissioner for permission....

Section 8.03(A) states:

The Board of Aldermen shall have the exclusive authority: to establish streets; to plan and approve specifications therefor; to establish or change the grade of streets; to build, alter, name, rename, widen, repair, maintain and clean all streets; to prohibit and prevent all encroachment into and upon streets; and to pay for such improvements from the general revenue, special benefit districts as shall be deemed appropriate by the Board of Aldermen.

These provisions of the municipal code clearly give the City officials and the Board of Aldermen the authority to grant or to deny permits to an applicant seeking an encroachment into a public street. A driveway clearly is an encroachment into a street within the meaning of the ordinance. The City has the authority to regulate the construction of a driveway from a private residence onto Bopp Road. Owners' second point is denied.

In their last point, Owners allege that the Board's decision to deny a variance was arbitrary, capricious and not supported by substantial evidence on the record. They specifically focus on the speculative nature of the Street Commissioner's report to the Board of Aldermen upon which the Board relied in making its determination about the driveway. The report recommended that a permit for a proposed driveway be denied for the following reasons:

1. Which [sic] it will be more convenient and somewhat less expensive for the Dooracks to bring their garage driveway out to Bopp Road, it is not impossible to modify the design of their garage if necessary and bring the driveway out to Todforth Way.

2. An additional driveway at the location requested will enter Bopp Road in an area of high traffic volume and will unnecessarily increase the safty [sic] problem along this road, when another alternative is available (the driveway exit to Todforth Way).

3. The lay of the land at Lot 39 Barrington place will present future problems with storm water relief which can be avoided by not having the driveway

and a [sic] accompanying Culvert installed at this point.

4. To allow this curb cut will set a precedent by which the half-dozen or so lots in the area not yet developed, which also back up to Bopp Road, could see curb cuts, increasing the traffic and drainage problems several fold.

Prefatorily, we note that the Street Commissioner's report was based upon an investigation of the site and was received by the Board without objection. Further, Owners did not request the Street Commissioner's presence at the hearing before the Board for the purpose of cross-examining him about his on-site observations and the conclusions contained in his report. They cannot now complain about the Board's consideration of this report in reaching its decision.

■ A variance allows boards of adjustment to grant exemptions from ordinance requirements if certain special circumstances warrant the alleviation of a hardship. *Wolfner,* 672 S.W.2d at 150. The burden of proving that landowners would suffer a practical difficulty or an unnecessary hardship if a zoning variance is not granted is upon the landowners. *Volkman v. City of Kirkwood,* 624 S.W.2d 58, 61 (Mo.App.1981). The general rule is that the authority to grant a variance should be exercised sparingly and only under exceptional circumstances. *See, e.g.,* A. Rathkopf, 3 The Law of Zoning and Planning § 38 (1979).

■ The hardship in this case purportedly results from the steepness of the grade of the front driveway. Owners allege that the precipitous slope of this driveway renders it hazardous in icy or snowy weather. This argument is unpersuasive. Owners built their home despite the fact that the rear driveway had been rejected in the original plans submitted to the Building Commissioner. Additionally, other less intrusive means exist to alleviate the problem with the front driveway in the winter months. The danger posed by the slope of the front driveway is tenuous at best.

Moreover, at the hearing, Owners acknowledged that Bopp Road was a heavily traveled street. It is evident that, as the number of driveways that access a street of high traffic volume increases, the more congested and potentially dangerous that street becomes.

The Owners did not adequately substantiate that they would suffer practical difficulty or unnecessary hardship if the variance was not granted. There was substantial evidence to support the Board's decision to deny the variance for a driveway. Owners' third point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.