James C. ROEDER, et al., Appellants,

v.

The BOARD OF ADJUSTMENT OF the
CITY OF TOWN AND COUNTRY,
Respondent.

No. 51876.

Missouri Court of Appeals,
Eastern District,
Division One.

March 17, 1987.

Donald Gunn, Jr., Sharon R. Wice, St.
Louis, for appellants.

James L. Sullivan, St. Louis, for respondent.

KELLY, Judge.

James C. Roeder and Theresa M. Roeder appeal from the judgment of the Circuit Court of St. Louis County upholding a decision by respondent, the Board of Adjustment of the City of Town and Country, prohibiting appellants from subdividing a parcel of property. We affirm.

The property in question is owned by appellants, located within the City of Town and Country, and zoned R–1 Residential under the Zoning Regulations of the Town and Country Municipal Code. Appellants' property is a three-acre tract upon which their current residence stands and which they wish to subdivide into a two-acre lot (containing their residence) and a one-acre lot, upon which they wish to build a single-family home.

Section 17.05(A)(4)(e) of the Zoning Regulations of the Town and Country Municipal Code, included in the record before the trial court, is applicable to districts zoned R–1 Residential and provides as follows:

> (e) All other uses permitted in this District shall be situated on a lot of at least one (1) acre of lot area provided the lot fronts on a street with a minimum fifty (50) foot right-of-way and a minimum twenty (20) foot pavement width and connects with a street with the same minimum design standards. All other permitted uses shall be situated on a lot of at least three (3) acres of lot area.

Appellants' property fronts on Post Oak Road. The record does not make clear whether Post Oak Road meets the twenty-foot pavement width requirement of Section 17.05, but it is undisputed that the right-of-way is not fifty feet wide along the street's entire length.

Respondent interprets this section of the zoning code as requiring all residential lots along Post Oak Road to be three acres in area, and therefore prohibits appellants from subdividing their three acre lot. Appellants, however, direct this court's attention to Section 21.04(B)(2)(A)(17) of the Town and Country Municipal Code, which was also admitted into evidence before the trial court. Section 21.04(B)(2)(A)(17) applies to applications for subdivisions in Town and Country and provides:

> (17) Any subdivision platted along an existing street shall provide additional right-of-way, if deemed necessary for the safety of the public, to meet the width requirements herein set forth or in the City's zoning law. When the subdivision is located on only one side of an existing street, one-half of the required right-of-way width shall be provided as measured from the center line of the right-of-way as originally established.

Appellants insist that respondent should have allowed their request for subdivision under the terms of Section 21.-04(B)(2)(A)(17), rather than denying it under Section 17.05(A)(4)(e), and that the trial court erred in upholding respondent's application of the latter provision to appellants' situation. In the alternative, appellants contend that respondent and the trial court misinterpreted the requirements of Section 17.05, and argue further that if respondent's interpretation is correct, the ordinance is unconstitutional as applied to appellants' property. Finally, appellants challenge the trial court's decision that respondent permissably denied appellants' request for a zoning variance.

Appellants claim that Section 21.04, the subdivision provision, allows them to subdivide to create separate one- and two-acre residential lots, as long as they provide a 25–foot right-of-way along their property. Appellants say even this amount of right-of-way is required only where respondent finds it necessary for the public safety.

■ According to appellants, general rules of statutory construction favor allowing Section 21.04 to pre-empt Section 17.05. General rules of statutory construction are themselves pre-empted under these circumstances, however, by a specific statutory provision designed to resolve disputes over applicability of conflicting zoning requirements. Section 89.130 RSMo 1986 requires that, when both a zoning ordinance and another local ordinance purport to establish standards for, *inter alia,* "width or size of

yards, courts or other open spaces," whichever ordinance establishes higher standards shall govern.[1] Section 21.04 does not contain or make reference to a lot size requirement, but the effect of applying that provision in the manner suggested by appellants would be to allow residential lots of less then three acres to front on a street with less than a fifty-foot right-of-way. Thus, Section 17.05 provides the more stringent standard for size of residential lots in an R–1 District and provides the proper standard under Section 89.130 for determining whether appellants may be allowed to subdivide. The trial court was correct in making this determination.

■ Appellants next contend that, if Section 17.05 applies to their property, the ordinance requires only that there exist a fifty-foot right-of-way in front of appellants' proposed subdivision. Respondent points out the language of the ordinance requiring that one-acre lots front "on a street" with the prescribed minimum right of way that "connects with a street with the same minimum design standards." Section 17.05(A)(4)(e). According to respondent this language requires the minimum right-of-way to exist along the length of the street in question before one-acre lots are allowed.

Statutes and ordinances are to be construed in such a manner as to give effect to the intent of the legislative body. "In so doing, words of common use are construed in accordance with their natural and ordinary meaning." *St. Louis County v. State Highway Commission,* 409 S.W.2d 149, 152 [3, 4](Mo.1966). Respondent's interpretation of the ordinance accords with the plain meaning of the language and with the purpose of restricting residential develop-

ment in areas where street access is limited.

■ Appellants reply that respondent's interpretation of Section 17.05 would invalidate the ordinance as an improper delegation of legislative authority. Appellants argue that by requiring a fifty-foot right-of-way along Post Oak Road, the City of Town and Country requires that appellants obtain the consent of all other owners of property fronting on that street to provide the necessary right-of-way before appellants can subdivide their land.

Appellants find their circumstances analogous to those in *City of St. Louis v. Russell,* 116 Mo. 248, 22 S.W. 470 (1893) and *State ex rel. Daniels v. Kasten,* 382 S.W.2d 714 (Mo.App.1964). The ordinance invalidated by *Russell* required any property owner who wished to build a livery stable to obtain the written consent of neighboring landowners; *Kasten* struck down an ordinance prohibiting construction of business houses in a residential district without written consent of district property owners. Neither case is apposite here.

Town and Country restricts lot size in R–1 Districts to three acres unless certain access conditions are met. If the requisite right-of-way exists, any property owner along such a street may subdivide. Appellants' ability to subdivide depends upon conditions, not consent of other property owners. The harm *Russell* and *Kasten* sought to avoid—that use of property would depend "wholly on the will and whim of the owners in that vicinity without the application of any sensible fixed guide or standards," *Kasten,* 382 S.W.2d 714 at 717–18—is not a danger presented by the ordinance in question.

1. Wherever the regulations made under authority of Sections 89.010 to 89.140 require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required in any other statute or local ordinance or regulation, the provisions of the regulations made under authority of Sections 89.010 to 89.140 shall govern. Whenever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or a less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required by the regulations made under authority of Sections 89.010 to 89.140, the provisions of such statute or local ordinance or regulation shall govern. § 89.130 RSMo (1986).

Appellants direct the court's attention to a decision of the Supreme Judicial Court of Massachusetts, *Jenckes v. Building Commissioner of Brookline*, 341 Mass. 162, 167 N.E.2d 757 (1960), for the proposition that Town and Country may not prohibit the proposed subdivision on the basis of available right-of-way. Appellants read *Jenckes* too broadly. *Jenckes* held that a zoning bylaw could not be used to prohibit *all* use of lots created along a street of less than a certain width. 167 N.E.2d at 759–60. The zoning provision in *Jenckes* was not merely a lot size restriction, but prohibited development along the street in question regardless of lot size. Moreover, the balancing approach used by the court in *Jenckes* (weighing the relative safety costs to the community of allowing one additional residence along a narrow street against the cost to a property owner prohibited from improving his property) has since been criticized in *MacNeil v. Town of Avon*, 386 Mass. 339, 435 N.E.2d 1043, 1046–47[7] (1982). We decline to adopt the *Jenckes* test for assessing a municipality's power to enforce zoning ordinances in individual cases.

Although a "zoning ordinance may be valid in its general aspects, and yet as to a particular state of facts involving a particular owner affected thereby may be as to such owner so clearly arbitrary and unreasonable as to be unenforceable," *Flora Realty & Investment Co. v. City of Ladue*, 362 Mo. 1025, 246 S.W.2d 771, 778[4], *appeal dismissed*, 344 U.S. 802, 73 S.Ct. 41, 97 L.Ed. 626 (1952) (*quoting Women's Kansas City St. Andrew Soc. v. Kansas City*, 58 F.2d 593, 599 (8th Cir.1932)), the party challenging such an ordinance has the burden of proving its application is unreasonable. *Flora Realty*, 246 S.W.2d at 778[6]. *Flora Realty* is particularly persuasive here because that decision upheld an ordinance requiring three-acre residential lots within particular zoning districts. Appellants have not presented any particular set of facts to show that the zoning restriction in question affects them arbitrarily or unreasonably.

Neither have appellants made the necessary showing that the Board of Adjustment abused its discretion in denying appellants a zoning variance. Section 89.090, subd. 1(3) RSMo 1986 authorizes boards of adjustment to grant variances "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance." "The general rule is that the authority to grant a variance should be exercised sparingly and only under exceptional circumstances." *Doorack v. Board of Adjustment*, 709 S.W.2d 140, 143[6] (Mo.App.1986).

The questions for the trial court in reviewing the board's decision are whether the action was authorized by law, and whether the decision was supported by competent and substantial evidence upon the whole record. *Id.* at 141. The trial court found that appellants had failed to show that application of the zoning ordinance to prevent subdivision of their property created an unnecessary hardship or practical difficulties. The trial court noted that appellants are currently using the property for residential purposes, and this they may continue to do.

Appellants have raised no complaint that could not be brought by any owner of a three-acre lot fronting on a street not meeting the requisite standards. The Board's decision not to waive the zoning requirements in this instance was supported by substantial evidence, and the trial court was correct in so determining.

Affirmed.

SATZ, P.J., and CRIST, J., concur.