LEANDER P. CHAUME vs. ZONING BOARD OF APPEALS OF FITCHBURG.
No. 88-P-684. May 16, 1989. *Zoning,* Validity.

Fitchburg's zoning ordinance requires a minimum area of 6,000 square feet for the construction of a dwelling in the district in which the plaintiff's land is located; his lot contains 4,500 square feet. Following the refusal of a building permit for a single family dwelling by the building superintendent, the board of zoning appeals (board) denied the plaintiff's appeal. The plaintiff then brought this action in the Superior Court, contending that the application of the ordinance to his land constituted an unconstitutional taking without compensation. The case was submitted on the pleadings and a statement of agreed facts. The judge made findings and rulings and concluded that there had not been an unconstitutional taking of the plaintiff's land. The plaintiff appeals from the ensuing judgment affirming the board's decision.[1]

The plaintiff's rectangular lot has 50 feet of frontage and is 90 feet deep. The proposed dwelling would meet all setback requirements. The lot, however, has 1,500 square feet less than required and is ten feet shy of the necessary frontage.[2] The land is level and lightly wooded. The assessed value is $4,300. With a building permit, the fair market value is between $18,000 and $20,250. There was no evidence of the fair market value in the present circumstances.

The plaintiff bears the burden of showing that the zoning ordinance is unconstitutional. See *MacNeil* v. *Avon*, 386 Mass. 339, 340 (1982). The plaintiff expressly disavows any claim that the ordinance does not have a substantial relation to valid public purposes or that the peculiarities of his lot make application of the ordinance unnecessary to accomplish those purposes. See *id.* at 340-341, 343. Rather, he says that the ordinance results in an unconstitutional taking of his land by depriving him of all practical uses of it.[3] See *id.* at 344.

On the meager record before us,[4] the plaintiff has not met his burden. A zoning ordinance constitutes a taking only if it "deprives the [plaintiff's]

---

[1] Prior to his appeal to the board from the denial of the building permit, the plaintiff had applied to the board for a variance, which was denied. The plaintiff took no appeal. The city's one and one-half page argument in its brief in this court has been of no benefit, as it addresses the case as one involving a variance denial and does not discuss the plaintiff's constitutional argument. This failure may in some part be due to the board's decision, which dealt with the appeal in part as though it presented a request for a variance; indeed, the board concluded that a "variance" would not be granted.

[2] The exemption for nonconforming lots contained in G. L. c. 40A, § 6, fourth par., does not avail the plaintiff. That exclusion requires that a lot have at least 5,000 square feet of area and fifty feet of frontage.

[3] The judge found: "Without a building permit, plaintiff will be unable to use his land for any practical purpose."

[4] We do not (nor apparently, did the Superior Court judge), for example, have any part of the zoning ordinance.

land of all practical value[5] to [him] or to anyone acquiring it, leaving them only with the burden of paying taxes on it." *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 641 (1970). *MacNeil* v. *Avon, supra* at 341. The application of the ordinance to the plaintiff's undersized lot is not unconstitutional merely "because it prevents the land from being put to its most profitable use . . . or because the value of the land is substantially diminished. . . ." *MacNeil* v. *Avon, supra* at 343. *Turnpike Realty Co.* v. *Dedham*, 362 Mass. 221, 235-236 (1972), cert. denied, 409 U.S. 1108 (1973). Here, there was no evidence of the fair market value of the plaintiff's lot without a building permit. We do not know of other permissible uses in the zoning district. Moreover, contiguous and symmetrical to the plaintiff's lot are two nonconforming lots (one owned by the city), identical in frontage, depth and area, either of which, when combined with the plaintiff's land, would appear to provide a lot with conforming area, and one of which, when so joined, would comply with both area and frontage requirements. Thus, it cannot be said on this record that the application of the zoning ordinance to the plaintiff's land deprives it of all practical value.[6]

*Judgment affirmed.*

The case was submitted on briefs.
*Willard Ide Shattuck, Jr.,* for the plaintiff.
*Timothy S. Hillman,* City Solicitor, for the defendant.

---

[5] "Practical use" and "practical value" have sometimes been used interchangeably. See, e.g., *MacNeil* v. *Avon*, 386 Mass. at 341, 343, 344. The terms are not necessarily synonymous. The controlling consideration in this respect should be the "practical value" of the land involved on the application of the zoning regulation.

[6] The Supreme Judicial Court has rejected a balancing test, suggested by some earlier cases, i.e., a standard whereby a comparison of the benefit to the municipality and the harm to the land owner would be used to determine the validity of the application of the zoning regulation. See *MacNeil* v. *Avon*, 386 Mass. at 343-344.