Burnes, J.
This case involves a landlocked parcel of property that the Massachusetts Water Resource Authority (“MWRA”) took by eminent domain from the plaintiffs. The ultimate dispute in this case is over the value of the property pursuant to G.L.c. 79. The MWRA now moves for partial summary judgment and asks this court to find, as a matter of law, that the property is subject to the Town of Weston’s (“Town”) Zoning By-Laws.[2], The plaintiffs also move for partial summary judgment on this issue claiming that the property is not subject to the Town’s By-Laws. For the following reasons, the plaintiffs’ motion is ALLOWED, and the defendant’s motion is DENIED.
BACKGROUND
The parcel of property in question was essentially “created” in 1901, when the Metropolitan Water and Sewer Board took land in Weston belonging to Lucy Seavens for the purpose of building an aqueduct. This taking divided Seavens’s remaining property into two non-contiguous lots of land, one north of the aqueduct containing 2.32 acres, and one south of the aqueduct containing 5.68 acres. The southern parcel is the subject of the dispute in this case. Seavens retained a twenty-foot-wide easement that benefited both lots and which allowed the right to pass from one lot to the other. Neither lot had any frontage on either a public or private way.
At the time the two lots were created, 1901, the Town had not promulgated any zoning by-laws. In 1928, the Town did establish zoning by-laws. These by-laws did not contain any frontage or dimensional requirements. Under the 1928 by-laws, the properly in question was apparently zoned for single-family residential use. In 1938, the Town passed new zoning by-laws that required residential property to have a minimum of 125 feet of frontage on a way.[3] The Town’s present zoning by-laws require frontage of 200 feet.
In 1957, John Dooley, then the owner of the two lots, filed a petition with the Land Court to register the land and related appurtenant easements. While this case was pending, John J. Lawless bought the lots. After the Land Court denied the petition, the Supreme Judicial Court, considering the issue on appeal, held that owners of the lots enjoyed a right of access by prescription over an eight-foot cart path leading in a northerly direction from the northern parcel. Lawless v. Trumbull, 343 Mass. 561 (1962). The court found that the right of access permitted only “carrying out wood by ‘teams or trucks,’ ” and that the owners did not enjoy a general easement for travel by vehicles. Id. The court also remanded the case for further proceedings back to the Land Court, which then dismissed the action for lack of prosecution.
In 1986, Lawless filed an Application for Abatement of Real Estate Tax challenging the Town’s assessment of the lots as “Code 201-residential open land.” As a result of this application, whereby the Town reclassified the lots as “Code 132-undevelopable land,” the Town reduced the assessment from $240,000 to $28,000.
The plaintiffs in this case inherited their interest in the lots upon the deaths of Lawless in 1977, and Marie Lawless in 1983, who owned the property as tenants *430 in common. On December 18, 1996, the MWRA took the southern lot in fee by eminent domain. At the time of the MWRA’s taking, both lots were, and always had been, vacant, and according to all indications, all of the lots' past and present owners only used them as “woodlots.”
The plaintiffs filed this present action for assessment of damages pursuant to G.L.c. 79. At issue is the value of the southern lot, the lot taken by the MWRA. The MWRA values the lot at $ 11,400 because, it says, under the Town’s By-Laws, the property is undevelopable or conservation land. The plaintiffs, on the other hand, argue that the value of the lot, as well as the value of the northern lot, is much greater. They offer two main reasons for their assessment: 1) that the Town’s By-Laws do not apply to the lots; and 2) that a recent title search has revealed that the lots enjoy an ancient twenty-foot-wide right of way by grant in a southerly direction to South Avenue, a public way.[4] Essentially, the plaintiffs are attempting to demonstrate that the lots maybe used for residential or other forms of housing.
DISCUSSION
Summary judgment is appropriate when there are no genuine issues of material fact and the summary judgment record entitles a party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Here, there are no issues of material fact regarding the applicability of the Town’s By-Laws to the lot in question, and the parties have asked this court to resolve such an issue prior to trial.
The plaintiffs in this case have the right to challenge the applicability of the Town’s By-Laws, despite the fact that prior owners did not do so or even took different approaches with respect to the lots. See Lopes v. City of Peabody, 417 Mass. 299, 302-03 (1994), citing Barney & Carey v. Town of Milton, 324 Mass. 440, 444-45 (1949). There is no reason to “permit challenges to the validity of a zoning enactment only by those landowners who owned land when the zoning provisions first affected it.” Id.
This court must determine whether the Town’s By-Laws are unconstitutional “as applied to” the lots because their application amounts to an unlawful taking in violation of the state and federal constitutions. “Where the application of the [amended] by-law to a particular parcel of land or to a specific use . . . has no . . . substantial relation to the public safety, public health or public welfare but would amount to an arbitrary, unreasonable, and oppressive deprivation of the owner’s interest in his private property,” the application of such a by-law cannot be permitted. Gem Properties, Inc. v. Board of Appeals of Milton, 341 Mass. 99, 105 (1960), citing Barney & Carey Co., 324 Mass. at 444-45. “A zoning by-law, although valid generally, may be unconstitutional as applied to a particular parcel of land when, due to the peculiarities of the parcel, application of the by-law is unnecessary to accomplish the public purpose for which the by-law was created.” MacNeil v. Town of Avon, 386 Mass. 339, 340 (1982). Alternatively, if application of the zoning by-law deprives the land owner “of so much of the practical use of her property as to constitute a taking without compensation, it cannot stand.” Id. at 343. (citation omitted). This is the rule of MacNeil:
[A] by-law requiring minimum frontage is valid as applied unless it is shown that, as applied, it has no substantial relation to the public health, safety, or general welfare, or results in such a depravation of the practical uses of the property to which it is applied as to constitute a taking without compensation. Whether the by-law results in a taking without compensation does not depend upon the quantum of benefit to the public interest.
Id. at 344 (emphasis added).
In Gem Properties, Inc., the plaintiff purchased lots without frontage but with a right of way for access. Id. at 100-01. At the time of the plaintiffs purchase, and at the time the Town accepted the plan for the lots, the lots could be developed in accordance with the relevant zoning laws. Id. at 105. A few years later, when the plaintiff attempted to obtain a building permit for the lots, the Town of Milton informed him that the new zoning by-laws required a minimum amount of frontage. Id. at 102. Thus, the amendments effectively made the lots into an area within which no building could be constructed solely because of a lack of frontage. Id. at 104. The court stated that the Town of Milton exceeded its authority in denying the plaintiff s permit because there was no benefit to the public interest that would warrant such a confiscation of the plaintiffs property. Id. at 106. The plaintiffs in this case are in a similar position.
Secondly, and probably more importantly in this case, the effect of the application of the Town’s ByLaws to the plaintiffs’ lots eliminates all practical use of them. There are no alternative uses that would be of a sufficient benefit to the plaintiffs to be a practical use. The Town’s By-Laws are not unconstitutional merely because they prevent the land from being put to its most profitable use, or because the value of the land is substantially diminished. The lots’ use as “woodlots” is not practical in this age, and it is highly unlikely that the southern lot would be an effective agricultural plot.[5] In short, the only true uses of the land under the Town’s By-Laws would be for aesthetic and recreational purposes.[6] “The owner can merely look at it and pay taxes on it.” Jenkes v. Building Commissioner of Brookline, 341 Mass. 162 (1960).
The Town’s By-Laws are unconstitutional as applied to the plaintiffs’ lots.[7] Since the Town’s By-Laws do not apply to the plaintiffs’ lots, this court need not address the parties’ other arguments such as those regarding “flexible development,” variances, preexist *431 ing uses, and provisions of G.L.c. 40A, §6, and G.L.c. 40B.
ORDER
For the above reasons, it is hereby ORDERED that the plaintiffs’ motion for summary judgment be ALLOWED, and the defendant’s motion for summary judgment be DENIED.

 This decision only deals with the Town’s By-Laws that concern the frontage requirements.

 The defendant uses 1937 as the date of this by-law. Any difference between the dates are immaterial for the purposes of this present memorandum.

 The parties’ motions only address the issue of whether the Town’s By-Laws apply to the lots. The parties assert that they will raise the right-of-way issues in a motion in limine, or similar motion, prior to trial.

 In Jenckes, the court noted that agricultural uses would not be allowed on the property. 341 Mass. 635. In our present case, the size of the lot, over five acres, allows for agricultural uses. Given the properties of the land, however, as well as its limited dimensions, access, and proximity to government-owned protected property, farming is not a viable option in this case.

 Arguably, an owner of abutting property could purchase the lots to add value to her existing land. This type of potential sale, where there is only one available buyer, cannot establish fair use of the property. See Jenkes, 341 Mass. at 165.

 The MWRA proposes a standard by which this court would focus not only on the Town’s legitimate exercise of power (the public benefit) and the deprivation of practical uses of the property, but also “whether a sufficient proportion of economically beneficial use is denied so as to interfere with the landowner’s reasonable investment-backed expectations.” This third prong is not included in the rule set forth by MacNell, and is difficult to evaluate in this situation, as the plaintiffs inherited the lots. Similarly, although Lawless had the property declared undevelopable and other owners merely used it as a “woodlot,” there is no evidence that these owners did not have future plans for this land and were not holding onto it as an investment. Indeed, that appears to be what this whole case is about.