## GRAND HAVEN TOWNSHIP v BRUMMEL

Docket No. 77-2000. Submitted June 8, 1978, at Grand Rapids.— Decided December 5, 1978.

Defendant, James Brummel, applied for and obtained building permits for two houses on adjoining lots in plaintiff Grand Haven Township. A township zoning ordinance required houses to be set back 50 feet from the road right-of-way and, also, contained restrictions on distances from side boundaries. Due to a mistake by defendant and his surveyor as to the width of the right-of-way, both foundations were laid in violation of the setback provisions. The township's building inspector, also believing the right-of-way to be narrower than it was, issued the building permits and failed to detect the violations when he inspected the property during construction. Also, as a result of a mistake by defendant's surveyor or acts of an interloper, or both, the houses were built in violation of the side-boundary restrictions. Both parties became aware of the violations when, after one house was complete and the other was three-quarters complete, a neighbor complained. Defendant halted construction and requested a variance or lot split, both of which plaintiff denied. Plaintiff sued defendant in the Ottawa Circuit Court and obtained a mandatory injunction, James E. Townsend, J., requiring defendant to relocate the houses at a cost of $100,000. Defendant appeals. *Held:*

A mandatory injunction should not be issued under these circumstances where both parties acted in good faith and in the absence of fraud or collusion and where no equally adverse harm to the public is shown.

Reversed.

INJUNCTION—ZONING—ESTOPPEL.

A municipality cannot generally be estopped from enforcing its zoning ordinances by the *ultra vires* acts of its zoning officials; it does not always follow, however, that a mandatory injunction should issue to correct inadvertent noncompliance where both parties acted in good faith and without fraud or collusion,

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning § 244 *et seq.*

·

where the injunction would work a substantial hardship on the inadvertent violator and where no equally adverse harm to the public is shown.

*James W. Bussard,* for plaintiff.

*Scheuerle, Legatz & Zitta,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. Defendant, James Brummel, applied for and obtained building permits for two houses on adjoining lots in Grand Haven Township. By zoning ordinance the township requires houses to be set back 50 feet from the road right-of-way and no less than 15 feet from either side boundary, with no less than 35 feet total side yardage. In his application defendant asserted he would substantially comply with these restrictions.[1]

Due to a mistake by Brummel and his surveyor as to the width of the abutting right-of-way, both foundations were laid in violation of the set-back provision. The township's building inspector also believed the right-of-way was narrower than it is, and issued the building permits on the basis of that mistaken assumption. Also because of his false impression, the inspector was unable to notice the violations when he checked the premises several times during construction, although it was apparent that the Brummel houses were much further forward than other homes along the road.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In his application for one house Brummel proposed side yards of 15 and 17 feet, which combined (32 feet) would violate the overall side yardage requirement of 35 feet. Since this mistake was apparent on the application, the trial court held that the township could not force compliance after the homes were substantially completed. That ruling is not challenged on appeal.

Testimony conflicted as to whether plaintiff's building inspector affirmatively misrepresented the right-of-way width to Brummel. The trial court found that he did not.

As a result of a second error by Brummel's surveyor or acts by an interloper, or both, the houses were also built too close to the lots' side boundaries. Shortly before excavation began, Brummel discovered that the surveyor had measured and staked a lot owned by Brummel's neighbor. Brummel requested the surveyor to move the stakes. When they were relocated onto Brummel's property, the markers were incorrectly placed. Brummel introduced unchallenged hearsay that a neighbor had moved them instead of the surveyor. The builder placed the first house by reference to the stakes and located the second house by reference to the first.

Both parties first became aware of the violations upon complaint by a neighbor, after one house had been built and the other three-quarters completed. Brummel halted construction and asked the township for a variance or lot split, which requests were denied. The township subsequently obtained a mandatory injunction compelling Brummel to relocate the buildings. The judge that granted the injunction found, among other things, that the township was not estopped from asserting the zoning ordinance because "the mistake was that of defendant or that of his agent". On equitable grounds we reverse.

As a general rule, a municipality cannot be estopped from enforcing its zoning ordinances by the *ultra vires* acts of its zoning officials. *Fass v Highland Park,* 326 Mich 19; 39 NW2d 336 (1949). Every person is presumed to know the nature and extent of the powers of municipal officers. *Id.* at

27; 39 NW2d at 339–40; 6 ALR2d 960, 964. The rule extends when the parties labor under a mistake of fact as well as law, 1 Anderson, American Law of Zoning (2d ed), § 6.15, pp 386, 388, and has been held to apply even when the ordinance violator acts in good faith, expending money or incurring obligations, in reliance upon the official's acts. *E.g., Fass v Highland Park, supra;* see 6 ALR2d at 965.

Defendant correctly frames the question in this case, however, not as one of estoppel, but as one concerning the propriety of issuing an injunction.

In *Pittsfield Twp v Malcolm,* 375 Mich 135; 134 NW2d 166 (1965), the Michigan Supreme Court denied injunctive relief to a municipality seeking to restrict the defendant from operating a dog pound, a use which the town's building inspector erroneously believed permissible when he issued a construction permit for the kennel. As compelling reasons for denying the injunction, the Court found: (1) both parties had acted noncollusively and in good faith; (2) notice of the special use to be made was published and apparent from the unique structure of the building; (3) the defendant had spent $45,000 for a specialty building that was otherwise of doubtful utility; and (4) plaintiff's suit came ten and one-half months after the kennel had been constructed and begun operating. While parts of the opinion seem to cast the decision as an exception to the nonestoppel rule of *Fass,* see 375 Mich at 146–147, we find it more clearly to be an application of the equitable principle that a court will not grant an injunction that works an injustice. Supporting that interpretation is the Court's conclusion in *Pittsfield Twp:* "While no factor is in itself decisive of the case, the entire circumstances, viewed together, present

compelling reasons why equity should refuse plaintiff's request for injunction. To do otherwise would be contrary to equity and good conscience." 375 Mich at 148; 134 NW2d at 173. To the same effect is Justice BLACK's concurrence: "This being an equity case, and the equities being all one way, I would affirm on the ground that the plaintiff township stands at equity's fount in no better position than would a similarly situated private suitor". *Id.* at 148–149; 134 NW2d at 173.

In the present case the equities favor Brummel. Both parties through their agents acted in good faith upon a mutual mistake. See generally, *Gordon v City of Warren Planning & Urban Renewal Commission,* 388 Mich 82; 199 NW2d 465 (1972). Brummel stopped building as soon as he received notice of the violation, compare *Building Commission of Detroit v Kunin,* 181 Mich 604; 148 NW 207 (1914), and had previously changed the design of one home to assure that it could be constructed within the designated setback lines. Some doubt about Brummel's good faith is raised by the trial court's finding that "[b]oth lots slope down sharply in the rear, severely limiting buildable area, a situation previously disclosed to defendant by Mr. Goff, but not remembered by defendant at the time he acquired such lots". The record clearly shows, however, that the situation disclosed by Goff related to different lots and a different gully. The trial court's finding that the mistake was that of defendant and his agent partially conflicts with its acknowledgement that an interloper may have relocated the stakes, and ignores the building inspector's testimony that he was moved to issue the building permits by his own mistake as to the width of the right-of-way. Accepting the trial court's finding that the building inspector did not

affirmatively misrepresent this fact to defendant, the present case is distinguishable from *Pittsfield Twp,* but not in a material way. That finding does not refute either party's good faith. There is no hint of fraud or collusion. While both sides could have discovered the error by diligent effort, the question remains as between them who in equity should prevail.[2]

Similar to *Pittsfield Twp,* some questions about the appropriateness of the building setbacks in this case was apparent upon visual inspection, as both structures were out of line with neighboring homes.

Mr. Brummel has spent over $100,000 in constructing these two houses which he says he can relocate only at the same cost. While we judicially notice and approve the general policy behind setback and side yard restrictions, plaintiff has not shown us how this isolated violation will produce an equally adverse harm to the public.

Finally, the township's suit comes at a time when both houses have been substantially completed.

Under these circumstances, the trial court should have denied the township's request for an injunction.

Reversed. Cost to appellant.

---

[2] We note that defendant was not grossly negligent in failing to discover the true right-of-way. The transcript shows that the right-of-way is one hundred feet along defendant's property line, but 66 feet about a mile north. These dimensions were not listed in the township records. When plaintiff's building inspector first suspected the setback violation, he discovered the omission in the township documents, and only found the actual width of the right-of-way upon search of the county records, with assistance of a county engineer.