TYRONE TOWNSHIP v CROUCH

Docket No. 72730. Argued November 12, 1985 (Calendar No. 2). Decided December 16, 1986.

Tyrone Township brought an action in the Kent Circuit Court against Rick W. Crouch, Elizabeth Crouch, and Charles O. Ridgeway, seeking an injunction to prevent the Crouches from placing a single-width prefabricated mobile home on certain property within the township owned by Ridgeway on the ground that the dimensions of the home did not meet minimum zoning standards. The court, George R. Cook, J., held that the zoning ordinance was valid and enjoined the Crouches from placing their home on the property. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and D. F. WALSH and KINGSLEY, JJ., reversed in an opinion per curiam, holding the ordinance invalid because its result was to effect a prohibition per se of all such homes outside mobile home parks (Docket No. 64143). The township appeals.

In an opinion by Justice LEVIN, joined by Chief Justice WILLIAMS and Justices BRICKLEY, CAVANAGH, BOYLE, and RILEY, the Supreme Court *held:*

The criteria under the zoning ordinance applicable only to prefabricated homes are not standards designed to assure favorable comparison of prefabricated homes with homes that could be constructed on site as required under *Robinson Twp v Knoll,* 410 Mich 293 (1981).

Affirmed.

Justice ARCHER took no part in the decision of this case.

129 Mich App 388; 341 NW2d 218 (1983) affirmed.

*Annis, Annis & Visser* (by *Richard C. Annis, Jr.*) for the plaintiff.

Legal Aid of Western Michigan (by *Michael Nelson*) for the defendants.

Amicus Curiae:

*Bauckham, Reed, Lang, Schaefer, Sparks &*

*Rolfe, P.C.* (by *John H. Bauckham*), for Michigan Townships Association.

LEVIN, J. In *Robinson Twp v Knoll,* 410 Mich 293, 310; 302 NW2d 146 (1981), this Court held that a prefabricated home could not be excluded from a residential area unless it failed to satisfy "reasonable standards designed to assure favorable comparison" of such homes with site-built housing which would be permitted on the site.

After *Robinson Twp* was decided, Tyrone Township amended its zoning ordinance to permit prefabricated homes in agricultural and residential zoning districts if there is a double pitched roof, the minimum width throughout the entire length of the home is twenty-two feet, and there is a minimum of 1,000 square feet of floor area.[1] The width and pitched roof requirements do not apply to site-built homes. The post-*Robinson Twp* amendment also made the minimum square foot criterion applicable to site-built homes; before the amendment, site-built homes with a minimum of 800 square feet were permitted.

The Crouches were denied a building permit to place a 14' × 70' prefabricated home on an eleven-acre parcel owned by Mrs. Crouch's parents because the width of the home was less than twenty-two feet, the home did not have a pitched roof, and the floor area was twenty or seventy-six square feet[2] less than 1,000 square feet.

The standard "single-wide" mobile or prefabri-

---

[1] There are a number of other criteria, but the Crouches' prefabricated home apparently can conform with them.

[2] Rick Crouch was asked:

> *Q.* What are the dimensions of your home?
> *A.* Fourteen by seventy.
> *Q.* How many square feet is that?
> *A.* Nine hundred twenty-four, I believe.

cated home has dimensions of 14′× 70′. A structure of greater width is not permitted on the highways. Eighty-five percent of the prefabricated homes sold are single wides of the 14′× 70′ dimension.[3]

The circuit judge concluded that the amendatory ordinance was valid and enjoined the Crouches from placing their prefabricated home on the property.[4] The Court of Appeals reversed, saying that it agreed with the Crouches that the amendatory ordinance is invalid because "the result of the ordinance is to effect a per se prohibition on all single-wide mobile homes outside mobile home parks." The Court saw no need to address the Crouches' other claims of error. Nor do we.

We do not reach the question whether criteria that in effect exclude single (fourteen-foot) wide prefabricated homes from all residential areas of a community other than mobile home parks are valid. We affirm the judgment of the Court of Appeals on the ground that the three criteria are not, under the Tyrone Township ordinance, standards designed to assure favorable comparison of prefabricated homes with site-built homes which would be permitted on the site.

---

It does not appear whether Crouch's 14′ × 70′ home had only 924 square feet, or whether this was simply a mistake in multiplication—14 × 70 equaling 980.

[3] It is unclear whether the square foot shortage is twenty or seventy-six square feet; see n 2.

On the assumption that it is seventy-six square feet, the square-foot requirement might be met by adding six feet to the length of the home (eighty-four square feet) or by attaching a 9′ × 9′ room (eighty-one square feet) on the side of the home, but the ordinance provides that no addition to living space is permitted unless it "is built according to the same standard" as the prefabricated home or unless a special use is allowed by the building inspector.

[4] The circuit judge said that Tyrone Township candidly admitted that the amendatory ordinance in effect forbids the use of single-wide prefabricated homes. "This is done in three ways—the square foot requirement, the sloped roof requirement, and the width requirement."

The ordinance would permit construction on the site of a flat roof, tri-level home with dimensions of fourteen feet wide by twenty-four feet long—336 square feet per floor, 1008 for the three floors—which, because of the need for two staircases (from the first level to the second, and from the second to the third), would have no more useable living space than the Crouches' $92\frac{4}{9}80$[5] square foot prefabricated home. The site-built home could be constructed of materials no better, and perhaps inferior, in serviceability and appearance to the Crouches' prefabricated home. The difference in floor area, whether twenty or seventy-six square feet, is not, from the standpoint of aesthetics, observable.

Because a home with a flat roof that is less than twenty-two (even less than fourteen) feet wide could, consistent with the township zoning ordinance, be built on the Crouch site, the pitched roof and twenty-two foot wide limitations, applicable only to prefabricated and not to site-built homes, are not "standards designed to assure favorable comparison" of prefabricated homes with site-built homes that would be permitted on the site.

Because the difference (twenty or seventy-six square feet) in floor area is not, from an aesthetics standpoint, observable and does not assure more usable living space, the 1,000 square foot standard —taken together with the pitched roof and twenty-two foot limitations applicable only to prefabricated homes—is not a standard that assures favorable comparison of a prefabricated home with a flat roofed, site-built home of undefined width. A one, two, or three floor site-built home of 1,000 square feet might easily compare less favorably with a 14′ × 70′ prefabricated home depending on

[5] See n 2.

the materials used in the two homes and other amenities.

In sum, the pitched roof and twenty-two-foot-wide limitations combined with the 1,000 square foot limitation do not, under the Tyrone Township ordinance, assure favorable comparison of a pre-fabricated home with a home that could be built on the instant site.

We express no opinion on whether the same result would be reached if the pitched roof and twenty-two foot wide criteria were applicable to site-built homes.[6]

Affirmed.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred with LEVIN, J.

ARCHER, J., took no part in the decision of this case.

---

[6] The township directs our attention to n 6 of *Robinson Twp v Knoll, supra.* Footnote 6 and the accompanying text speak of a valid rule establishing reasonable standards designed to assure favorable comparison of prefabricated homes with site-built homes that would be permitted on the site.