PAUTER v COMSTOCK TOWNSHIP

Docket No. 80262. Submitted November 14, 1986, at Grand Rapids. Decided August 27, 1987.

Lawrence A. J. Pauter applied for and was denied by Comstock Township a building permit for the placement of a mobile home on his fifteen-acre parcel of land. Pauter's proposed mobile home failed to comply with a township ordinance which requires a dwelling located outside of a mobile home park to have, among other things, a core area of living space of at least twenty feet by twenty feet. Pauter brought an action in Kalamazoo Circuit Court against Comstock Township, challenging the constitutionality of the ordinance. The court, John E. Fitzgerald, J., following a trial, entered a judgment of no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

The ordinance does not treat mobile homes materially differently than homes built on site and its minimum core living space requirement is a reasonable standard designed to assure favorable comparison of mobile homes with site-built housing. The ordinance therefore is not unconstitutionally invalid.

Affirmed.

ZONING — LAND USE — MOBILE HOMES.

The exclusion per se of mobile homes by a municipality from all areas not designated as mobile home parks is not a permissible exercise of police power; however, a municipality may exclude or restrict placement of mobile homes in areas outside of mobile home parks where the homes fail to satisfy reasonable standards to assure favorable comparison of mobile homes with homes constructed on site.

REFERENCES

Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 7 *et seq.*

Use of trailer or similar structure for residence purposes as within limitation of restrictive covenant, zoning provision, or building regulation. 96 ALR2d 232.

See also the annotations in the Index to Annotations under Mobile Homes, Trailer Parks, and Tourist Camps.

*John A. Watts, P.C.* (by *John A. Watts*), for plaintiff.

*Gemrich, Moser, Dembrowski, Bowser & Fette* (by *Robert R. Lohrmann*), for defendant.

Before: R. M. Maher, P.J., and D. F. Walsh and C. Stell,* JJ.

Per Curiam. Plaintiff Lawrence A. J. Pauter appeals from a circuit court judgment entered in favor of defendant Comstock Charter Township. The circuit court rejected plaintiff's claim that Comstock Township Ordinance No. 233 is unconstitutional as it affects placement of mobile homes outside mobile home parks in the township.

The challenged ordinance, § 2.01.28(2) of the Comstock Township Zoning Ordinance, as amended by Ordinance No. 233, effective December 19, 1983, states that every "dwelling," which can include a mobile home outside a mobile home park,[1] must meet the following requirement:

It has a core area of living space of at least 20 feet by 20 feet in size. . . . [2]

Plaintiff owns a fifteen-acre parcel of land in Comstock Township. He proposed to place a fourteen foot by seventy foot (i.e., single-wide) mobile home on the property. His request for a building permit was denied, however, because the proposed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Prior to the Supreme Court's decision in *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), the township prohibited mobile homes outside mobile home parks.

[2] According to a township survey, only 1.6 percent of the township's single-family dwellings outside its mobile home park did not meet the core living space requirement.

mobile home did not have a twenty foot by twenty foot core living space.[3]

The circuit court found that the core living space requirement was reasonably designed to assure favorable comparison between mobile homes and other dwellings outside mobile home parks, and that the ordinance advanced the legitimate public concern of community welfare.

In *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), the Supreme Court held that "[t]he per se exclusion of mobile homes from all areas not designated as mobile-home parks has no reasonable basis under the police power, and is therefore unconstitutional." 410 Mich 310. Mobile homes may be excluded, however, if they fail "to satisfy reasonable standards designed to assure favorable comparison of mobile homes with site-built housing which would be permitted on the site." *Id.*

In *Gackler Land Co, Inc v Yankee Springs Twp,* 427 Mich 562; 398 NW2d 393 (1986), the Supreme Court found that a Yankee Springs Township zoning ordinance did not offend the principles enunciated in *Robinson Twp.* The Yankee Springs ordinance permitted the placement outside mobile home parks of mobile homes meeting the definition of "dwelling." "Dwelling" was defined to include requirements of minimum area of 720 square feet, minimum width along any exterior side elevation of twenty-four feet, minimum internal height of 7½ feet, and a storage area equal to not less than fifteen percent of the interior living

---

[3] Appropriate attachment of a six foot by twenty foot "expando" unit on the fourteen foot by seventy foot mobile home would satisfy the core living space requirement. According to plaintiff, he does not need the additional room and cannot afford an "expando" unit. There was testimony that an "expando" unit for a single-wide mobile home in plaintiff's price range ($13,000 to $15,000) would cost $7,000.

area.[4] The Supreme Court summarily rejected the plaintiff's claim that the ordinance was unconstitutional because it operated to exclude all single-wide mobile homes from areas other than mobile home parks:

> We initially note that these regulations do not treat mobile homes materially different [sic] than site-built homes. We further find that the requirements, as stated, are either reasonable standards designed to assure favorable comparison of mobile homes with site-built housing, or constitute a reasonable exercise of police power for the protection of the safety, health, morals, prosperity, comfort, convenience, and welfare of the public or a substantial part of the public. *Robinson Twp, supra,* 312. [427 Mich 570.]

On the authority of *Gackler,* we affirm. As in Yankee Springs Township, mobile homes are not treated materially differently than site-built homes in Comstock Township. All dwellings outside mobile home parks must meet the core living space requirement. Contrast *Tyrone Twp v Crouch,* 426 Mich 642; 397 NW2d 166 (1986). The core living space requirement is designed to assure favorable comparison of mobile homes with site-built homes. In light of the Supreme Court's decision in *Gackler,* we cannot conclude that the requirement is unreasonable.

Affirmed. No costs, a public question being involved.

---

[4] Also required were firm attachment to a solid foundation, connection to a public sewer and water supply or to approved private facilities, aesthetic compatibility in design and appearance to site-built homes, and compliance with pertinent building and fire codes. No exposed wheels, towing mechanisms, undercarriage or chassis were allowed. Additions of rooms or other areas were to be constructed similarly to the original structure. 427 Mich 568.