**Joseph J. MINTON, Jr., Appellant,**

v.

**CITY OF FORT WORTH PLANNING COMMISSION and Attorney General of Texas, Appellees.**

No. 2–87–125–CV.

Court of Appeals of Texas, Fort Worth.

March 28, 1990.

Ben A. Douglas, Daniel J. Endres, Douglas, Kressler & Wuester, P.C., for Minton.

Wade Adkins, City Atty., William W. Wood, Deputy City Atty., Daniel M. Tartaglia, Asst. City Atty., for City of Fort Worth Planning Com'n.

Before WEAVER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

Appellant, Joseph J. Minton, Jr., filed suit for a declaratory judgment. He contends that TEX.REV.CIV.STAT.ANN. art. 974a, § 5(c)(2) (Vernon 1987) (now codified, as modified, at TEX.LOCAL GOV'T CODE ANN. § 212.015(c) (Vernon 1988)) is unconstitutional. TEX.CIV.PRAC. & REM. CODE ANN. § 37.003 (Vernon 1986). The

trial court declared former article 974a, § 5(c)(2) constitutional.

We reverse and render.

The Rivercrest Subdivision was platted in 1911. Minton and his wife purchased Block 45 of the Rivercrest Subdivision. The block was improved with a single-family house. The block was zoned " 'A' One Family" which allows only one single-family residence per "lot." Minton and his wife were divorced. As part of the divorce decree, Minton deeded the house and 1.5 acres to his wife. He did not replat the block into separate lots.

Subsequently, Minton filed a proposed replat with the Fort Worth Planning Commission (Plan Commission). He intended to replat his portion of Block 45 into 3 lots. At that time, article 974a, § 5(c)(2) of the Texas Revised Civil Statutes required that the owners of lots within 500 feet of the proposed replat be notified. If 20% of such owners object to the proposed replat then written approval of 66⅔% of such owners is required for approval.[1]

The owners of 6 of the 22 lots (28%) within 500 feet of Block 45 filed written opposition to the replat. Minton obtained written approval of 13 owners (59%). The Plan Commission denied the replat based on the requirements of article 974a, § 5.

In his first point of error, Minton contends that article 974a, § 5(c)(2) is an unconstitutional delegation of legislative authority. He argues that his neighbors have been given the ultimate power to prevent him from subdividing his land. Statutes like article 974a, § 5 are referred to as "consent" statutes. *State Theatre Co. v. Smith*, 276 N.W.2d 259, 263 (S.D.1979) (dis-tinguishing "protest" statutes which allow protest by property owners to trigger a vote by a legislative body). Consent statutes have been invalidated when they delegate "the legislative power originally given by the people to the legislative body, to a narrow segment of the community." *Howard Township Bd. of Trustees v. Waldo*, 168 Mich.App. 565, 425 N.W.2d 180, 184 (1988). Consent statutes have uniformly been held unconstitutional when they lack sufficient standards concerning how to exercise the delegated power. *State of Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116, 122, 49 S.Ct. 50, 52, 73 L.Ed. 210 (1928); *Eubank v. City of Richmond*, 226 U.S. 137, 143–44, 33 S.Ct. 76, 77, 57 L.Ed. 156 (1912); *Yanow v. Seven Oaks Park, Inc.*, 18 N.J.Super. 411, 87 A.2d 454, 456 (1952); *Williams v. Whitten*, 451 S.W.2d 535, 538 (Tex.Civ.App.—Tyler 1970, no writ). Article 974a, § 5(c)(2) does not set out any standard to guide its implementation. *Cf. Billings Prop., Inc. v. Yellowstone County*, 144 Mont. 25, 394 P.2d 182 (1964) (statute laid down policy to guide implementation of power delegated to commission).

Section 1.002 of the Texas Local Government Code provides that construction of § 212.015(c) (former article 974a, § 5) is governed by TEX.GOV'T CODE ANN. § 311.032 (Vernon 1988) ("Code Construction Act"). TEX.LOCAL GOV'T CODE ANN. § 1.002 (Vernon 1988). The Code Construction Act provides that statutory sections are severable unless the statute specifically mandates that the sections are non-severable. If we find that article 974a, § 5 is unconstitutional, we can sever only that portion which is contrary to constitu-

---

1.  (2) The City Planning Commission or other appropriate governing body shall require in any resubdivision or replatting to which this subsection applies written approval of 66⅔ percent of:
    (A) the owners of all lots in such plat; or
    (B) the owners of all lots in such plat within 500 feet of the property sought to be replatted or resubdivided if such immediate preceding plat contains more than 100 lots.
    The provisions of Subdivision (2) of this subsection shall, however, apply only if 20 percent, or more, of the owners, to whom notice is required to be given, of the lots in such plat a portion of which is sought to be replatted or resubdivided file with the City Planning Commission or other appropriate governing body written protest of such replatting or resubdivision prior to or at the hearing referred to in the notice of the proposed replatting or resubdivision. In computing percentages of ownership, each lot in such subdivision shall be considered equal to all other lots regardless of size or number of owners, and the owners of each lot shall be entitled to cast only one vote per lot.
    Act of April 22, 1981, ch. 67, § 1(c)(2) 1981 Tex.Sess.Law Serv. 149, 150 (Vernon).

tional mandate and leave the remainder of the statute intact.

The Plan Commission contends the cases cited by Minton are not on point because they involve zoning ordinances. We do not agree. The same principles of constitutional law apply to platting statutes. *See Roeder v. Board of Adjustment*, 726 S.W.2d 500, 502 (Mo.App.1987); *Billings Prop.*, 394 P.2d at 188–89. We recognize that Minton's ability to replat the land could also be affected by covenants or restrictions. While it may be necessary to distinguish between zoning and platting when considering covenants or restrictions, the constitutional analysis is the same.

The Plan Commission also contends article 974a, § 5(c)(2) is constitutional because it does not impose a requirement on Minton, but merely relaxes an otherwise valid restriction. *Thomas Cusack Co. v. City of Chicago*, 242 U.S. 526, 531, 37 S.Ct. 190, 192, 61 L.Ed. 472 (1916). We recognize that a consent statute could be valid even though it requires consent to waive a restriction. *State Theatre*, 276 N.W.2d at 263. However, article 974a, § 5(c) states, "The following additional requirements for approval shall apply...." *Id.* Even assuming article 974a, § 5(c) could be considered to remove a requirement, the Plan Commission's argument is still unsupportable. The Plan Commission's argument is based upon an assumption, without authority, that the State could prohibit all replatting. *Cf. Thomas Cusack*, 242 U.S. at 529–30, 37 S.Ct. at 191 (city could prohibit billboards in residential districts). Based upon this assumption, the Plan Commission contends that it is valid for the State to use a consent statute to relax the prohibition against replatting.

■ Generally, a zoning ordinance is unconstitutional if it has no substantial relationship to the public health, safety, morals, or general welfare. *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). We find that a platting statute which prohibits all replatting could never pass constitutional scrutiny.

■ We agree with appellant that the statute in question delegates the legislative power given by the people to the legislative body, to a narrow segment of the community. Such delegation of authority is contrary to the constitution. *Howard Township*, 168 Mich.App. at 565, 425 N.W.2d at 180. We hold former article 974a, § 5(c) is unconstitutional. The remainder of article 974a, § 5 is complete and capable of being executed. In light of the mandate of the Code Construction Act, we find that replatting may be approved pursuant to article 974a, § 5(a) or (b). The "additional requirements" of (c) may be deleted from the statute and the remainder of the statute left intact. TEX.GOV'T CODE ANN. § 311.032.

Appellant's first point of error is sustained.

The first point of error is dispositive of the case. We will not discuss Minton's second through fifth points of error. We will not consider the Plan Commission's argument that Rivercrest lot owners may prevent Minton from subdividing Block 45 because the other owners have acquired an interest in the size of Block 45. The Plan Commission cites *Burns v. Wood*, 492 S.W.2d 940, 943 (Tex.1973). *See generally* 16 TEX.JUR.3d *Covenants, Conditions, and Restrictions* §§ 90, 106 (1981). Other Rivercrest lot owners were not parties in the trial court and are not parties to this appeal. The trial court made no findings of fact or conclusions of law concerning covenants or restrictions which might be claimed by other owners. This appeal concerns the action of the Plan Commission pursuant to article 974a, § 5, and we decline to consider the status of other Rivercrest lot owners.

We reverse the judgment of the trial court and render judgment that TEX.REV. CIV.STAT.ANN. art. 974a, § 5(c) is unconstitutional.