*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN REAUME,

        Plaintiff-Appellant,

v

TOWNSHIP OF SPRING LAKE,

        Defendant-Appellee.

FOR PUBLICATION
May 21, 2019
9:05 a.m.

No. 341654
Ottawa Circuit Court
LC No. 17-004964-AA

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

RONAYNE KRAUSE, J.

Plaintiff, Susan Reaume, appeals by leave granted[1] the trial court's order affirming the denial by defendant, the Township of Spring Lake (the Township), of plaintiff's application for a short-term rental license. We affirm.

## I. BACKGROUND

In 2003, plaintiff purchased a home ("the property") located in the Township. The property has at all relevant times been located within the "R-1 Low Density Residential" zoning district. Plaintiff utilized the property as her full-time residence until 2014. In 2015, plaintiff retained a property management company, and an agent of that company made a telephone inquiry to the Township regarding restrictions on short term rentals for the property. According to the agent, a person named Connie Meiste "said that Spring Lake Township had no restrictions on short term or long term rentals." Plaintiff made substantial improvements to the property, and in 2015 and 2016, she rented it out seasonally as a short-term vacation rental. As will be discussed further, plaintiff contends that Lukas Hill, the Township's Zoning Administrator,[2]

---

[1] *Reaume v Spring Lake*, unpublished order of the Court of Appeals, entered June 4, 2018 (Docket No. 341654).

[2] Apparently, the Township uses the terms "zoning administrator" and "community development director" interchangeably.

"expressly affirmed [plaintiff's] right to lawfully use [the property] as a short-term rental." Plaintiff's neighbors, however, objected to the use of the property for short-term rentals and lodged complaints with the Township.

In December 2016, the Township adopted Ordinance No. 255, which prohibited short-term rentals in the R-1 zone. However, the ordinance allowed long-term rentals of more than 28 days. The ordinance provided that all short-term rentals must be registered and licensed with the community development director before rental activity could occur. The Township also adopted Ordinance No. 257, which amended the Spring Lake Township Zoning Ordinance to allow "short-term rentals" and "limited short-term rentals," which had independent definitions, in certain zoning districts. Ordinance No. 257 permitted "limited short-term rentals," but not "short-term rentals," in R-1 zones. The amendment defined "limited short-term rentals" as "[t]he rental of any Dwelling for any one or two rental periods of up to 14 days, not to exceed 14 days total in a calendar year."

Plaintiff applied for a short-term rental license, which the Township denied. She appealed that decision to the Township Zoning Board of Appeals (ZBA), which denied her appeal. Plaintiff then appealed that decision in the trial court. Following a hearing, the trial court affirmed the Township's decision in a written opinion and order. Plaintiff sought leave to appeal in this Court, which was granted.

## II. STANDARD OF REVIEW

We review the interpretation of ordinances de novo. *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003). Ordinances are interpreted in the same manner as statutes; we must apply clear and unambiguous language as written, and any rules of construction are applied "in order to give effect to the legislative body's intent." *Brandon Charter Twp v Tippett*, 241 Mich App 417, 422; 616 NW2d 243 (2000). We also review de novo the application of legal and equitable doctrines. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008); *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015). It is well established that courts will consider the substance of pleadings and look beyond the names or labels applied by the parties. *Hurtford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011).

"In general, we review de novo a circuit court's decision in an appeal from a ZBA decision." *Hughes v Almena*, 284 Mich App 50, 60; 711 NW2d 453 (2009). However, there is no single standard of review applicable to the appeal itself, because zoning cases typically entail questions of both fact and law. *Macenas v Village of Michiana*, 433 Mich 380, 394-395; 446 NW2d 102 (1989). The courts must defer to a ZBA's factual findings to the extent they are "supported by competent, material, and substantial evidence on the record." *Id*. at 395. We in turn review the circuit court's factual findings for, in effect, clear error to determine whether the circuit court properly applied the substantial evidence test. *Hughes*, 284 Mich App at 60. The ZBA's decisions on the basis of its factual findings are also given deference "provided they are procedurally proper … and are a reasonable exercise of the board's discretion." *Macenas*, 433 Mich at 395. The ZBA's determinations of law are afforded no deference. *Id*. at 395-396.

## III. ESTOPPEL

-2-

We observe initially that much of plaintiff's argument is, in substance and effect, an equitable estoppel argument. Equitable estoppel may preclude the enforcement of a zoning ordinance if a party reasonably relies to its prejudice on a representation made by the municipality. *Lyon Charter Twp v Petty*, 317 Mich App 482, 490; 896 NW2d 477 (2016), vacated in part on other grounds by 500 Mich 1010 (2017). Generally, plaintiff contends that prior to the Township's adoption of Ordinance Nos. 255 and 257, it had formally determined and communicated that plaintiff's use of the property for short-term rentals was lawful. Plaintiff therefore concludes that her use of the property is necessarily "grandfathered," and the Township may not deny her permission to continue using her property for short-term rentals. Plaintiff argues that she expended considerable sums of money on renovations and modifications to the property in reliance upon the Township's alleged assurances that short-term rentals were lawful in the R-1 zoning district. However, plaintiff's argument turns on making untenable extrapolations from statements made by individuals who had no authority to bind the Township.

"[A] historical failure to enforce a particular zoning ordinance, standing alone, is insufficient to preclude enforcement in the present." *Lyon*, 317 Mich App at 489. A municipality may, in some cases, be estopped from enforcement "pursuant to the positive acts of municipal officials which induced plaintiff to act in a certain manner, and where plaintiff relied upon the official's actions by incurring a change of position or making expenditures in reliance upon the officials' actions." *Parker v West Bloomfield Twp*, 60 Mich App 583, 591; 231 NW2d 424 (1975); see also *Lyon*, 317 Mich App at 490. The general rule is against estopping municipalities from enforcing zoning ordinances in the absence of "exceptional circumstances," which must be viewed as a whole, and "no factor is in itself decisive." *Pittsfield Twp v Malcolm*, 375 Mich 135, 146-148; 134 NW2d 166 (1965). However, a municipality cannot be estopped by unauthorized or illegal conduct by individual officers. *Parker*, 60 Mich App at 594-595; see also *Blackman Twp v Koller*, 357 Mich 186, 189; 98 NW2d 538 (1959). "Casual private advice offered by township officials does not constitute exceptional circumstances." *Howard Twp Bd of Trustees v Waldo*, 168 Mich App 565, 576; 425 NW2d 180 (1988), citing *White Lake Twp v Amos*, 371 Mich 693, 698-699; 124 NW2d 803 (1963).

Plaintiff's only argument of serious concern pertains to the conversation her property management company's manager, Barbara Hass, had "with Connie Meiste at the Spring Lake Township offices by telephone." According to Hass's affidavit, she was told "that Spring Lake Township had no restrictions on short term or long term rentals." It is reasonable to expect municipal employees to provide accurate information upon request. However, this record does not disclose enough detail about the conversation to draw any conclusions. For example, it appears that the Township did not, in fact, have any formal regulations that specifically addressed rentals of property. Nevertheless, that is not necessarily equivalent to a statement that any kind of rental was explicitly authorized. We do not know precisely what question was asked. It is unclear whether Hass's affidavit repeats a direct quotation from Meiste's answer, or whether the affidavit sets forth Hass's understanding of the gravamen of Meiste's answer. Importantly, the record provides no support for the proposition that Meiste had any authority to bind the Township. Because plaintiff has the burden of proof, we are unimpressed with plaintiff's protestations to the effect that the Township has not *disproved* Meiste's authority or anything about the nature of her statement to Hass.

Plaintiff argues that the Township's Zoning Administrator, Lukas Hill, explicitly approved plaintiff's revised rental listing after obtaining clarification that the property was not being improperly held out as a multi-family dwelling. Again, there is nothing in the record to show that Hill had any individual authority to bind the Township to a zoning determination.[3] Furthermore, the record indicates that the Township's enforcement protocol has historically been to address violations as they are reported in the forms of complaints, rather than to affirmatively look for violations. The record does not reflect whether the Township had received any complaints at the time of the original rental listing alleging a violation of the R-1 zoning requirements. Plaintiff extrapolates too much from Hill's satisfaction that plaintiff's revised rental listing complied with the specific prohibition against multi-family dwellings in R-1 zones. The fact that the revised listing did not contravene one restriction is not proof that it did not contravene *any* restrictions. In any event, as noted, failure to enforce a zoning ordinance does not constitute approval of an otherwise illegal use.

Plaintiff also argues that Hill had "determined unequivocally that short-term rentals were lawful under the Spring Lake Township Zoning Ordinance." We have carefully reviewed the documents plaintiff provided in support. One document is a printout of an emailed complaint from one of plaintiff's neighbors regarding plaintiff's rentals, upon which an unidentified person handwrote "Lukas says nothing we can do about it as yet." No explanation has been provided as to why Hill might have made such a statement, and we decline to speculate. Another document, from the Township Supervisor, John Nash, conveyed some advice to neighbors about actions they could take; it again contains no hint of a determination that plaintiff's use of the property was actually lawful. Neither document constitutes a formal determination by the Township, or binding on the Township, that plaintiff's use of the property for short-term rentals was actually lawful. Indeed, neither document appears even to constitute a private opinion that plaintiff's use of the property was lawful. Plaintiff also relies on the fact that the Township had not cited any other short-term rentals, which, again, is not an expression of approval.

In summary, plaintiff mostly relies on seriously mischaracterizing statements made by individuals. We conclude that there is no basis for estopping, formally or substantively, the Township from enforcing its zoning or regulatory ordinances to preclude plaintiff from using the property for short-term rentals.

---

[3] Plaintiff cites *Gordon Sel-Way, Inc v Spence Bros, Inc*, 177 Mich App 116, 124; 440 NW2d 907 (1989), rev'd in part on other grounds 438 Mich 488 (1991), for the proposition that Hill's "interpretation" should be imputed to the Township. Hill does not appear to have rendered an "interpretation." More importantly, the pertinent holding in *Gordon Sel-Way* was that *knowledge* possessed by a corporation's managerial employees may be imputed to the corporation, such that the corporation may not willfully ignore any duties that might arise as a consequence of that knowledge. Here, the Township does not claim ignorance of any of the statements made by its employees and officers, but rather properly challenges their meaning and significance. *Gordon Sel-Way* did not purport to contravene the case law we have discussed above limiting the circumstances under which a municipality's employees or officers could bind the municipality.

## IV.  LAWFUL NONCONFORMING USE

MCL 125.3208(1) provides that "[i]f the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment."  This is colloquially, often referred to as "grandfathering."  A similar provision was included in Section 335 of the Spring Lake Township Zoning Ordinance, which provides:

> Nonconforming Buildings, Structures, Lots, and uses which do not conform to one (1) or more of the provisions or requirements of this Ordinance or any subsequent amendments thereto, but which were lawfully established prior to the adoption of this Ordinance or subsequent amendment, may be continued. However, no such Building, Structure or use shall be enlarged or extended, and no nonconforming Lot created or made more nonconforming, except as provided herein.  It is the intent of this Section to reduce or remove the number of nonconforming occurrences in the Township.

"A prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date."  *Heath Twp v Sall*, 442 Mich 434, 439; 502 NW2d 627 (1993).

On appeal, plaintiff does not challenge whether Ordinance Nos. 255 and 257 were properly adopted or prohibit short-term rentals in properties zoned R-1.  As discussed, we find no merit to plaintiff's contention that the Township had itself determined plaintiff's use of her property for short-term rentals to be lawful.  Nevertheless, if that use of the property *actually was* lawful prior to the adoption of Ordinances 255 and 257, then plaintiff has a right to continue using her property for short-term rentals.  We conclude that it was not lawful prior to the adoption of Ordinances 255 and 257.

Plaintiff argues that her use of the property as a short-term rental was lawful pursuant to the definition of the term "dwelling" in the Spring Lake Township Zoning Ordinance.  We disagree.  The Spring Lake Township Zoning Ordinance defines "dwelling" under Section 205 as:

> Any Building or portion thereof which is occupied in whole or in part as a home, residence, or sleeping place, either permanently or temporarily, by one (1) or more Families, but not including Motels or tourist rooms.  Subject to compliance with the requirements of Section 322, a Mobile Home shall be considered to be a Dwelling.
>
> (1) Dwelling, Single-Family: A Building designed for use and occupancy by one (1) Family only.
>
> (2) Dwelling, Two-Family: A Building designed for use and occupancy by two (2) Families only and having separate living, cooking and eating facilities for each Family.

(3) Dwelling, Multi-Family: A Building designed for use and occupancy by three (3) or more Families and having separate living, cooking and eating facilities for each Family.

The Ordinance does not define "tourist room," but it defines "motel" under Section 214 as:

A Building or group of Buildings on the same Lot, whether Detached or in connected rows, containing sleeping or Dwelling Units which may or may not be independently accessible from the outside with garage or Parking Space located on the Lot and designed for, or occupied by transient residents. The term shall include any Building or Building groups designated as a Hotel, motor lodge, transient cabins, cabanas, or by any other title intended to identify them as providing lodging, with or without meals, for compensation on a transient basis.

Finally, "family" is defined under Section 207 as:

A single individual or individuals, domiciled together whose relationship is of a continuing, non-transient, domestic character and who are cooking and living together as a single, nonprofit housekeeping unit, but not including any society, club, fraternity, sorority, association, lodge, coterie, organization, or group of students, or other individuals whose relationship is of a transitory or seasonal nature, or for anticipated limited duration of school terms, or other similar determinable period of time.

We note that R-1, R-2, R-3, and R-4 zones all permit "Dwelling, Single-Family" use, but only in R-4 zones are "Dwelling, Two-Family" and "Dwelling, Multiple-Family" uses permitted. The described "intent" of R-4 zoning notes that such zoning "is dispersed throughout the Township to avoid pockets of rental or transient housing."

Read as a whole, the definition of "Dwelling, Single-Family" unambiguously excludes transient or temporary rental occupation. Plaintiff focuses on the word "temporarily" in the overview definition of "Dwelling." Plaintiff fails to note that although *some* kinds of dwellings permit temporary occupancy, *single-family* dwellings do not. The definition of single-family dwelling emphasizes one family *only*, and "family" expressly excludes "transitory or seasonal" or otherwise temporary relationships. Notwithstanding the possibility of some temporary occupancy, *any* kind of "dwelling" excludes a "motel." "Motels" expressly provide transient lodging, or "tourist rooms," which are undefined but reasonably understood as also referring to transient lodging. Plaintiff's use of her property for short-term rentals seemingly fits the definition of a "motel." Finally, it is notable to contrast the descriptions of the R-1 through R-3 zones with the description of R-4 zoning, which suggests that some kind of temporary occupancy might be permitted in two-family or multiple-family dwellings. The Ordinance clearly forbids short-term rental uses of property in R-1 zones, irrespective of whether the Ordinance does so in those exact words.

As plaintiff notes, there was never any serious dispute that she actually was using the property for short-term rental purposes. However, doing so was not permitted in the R-1 district

at any time. Therefore, plaintiff is not entitled to continue doing so as a prior nonconforming use, notwithstanding the Township's failure to enforce its zoning requirements.

## V. PUBLICATION

Unpublished opinions of this Court have no precedential effect under either stare decisis, MCR 7.215(C)(1), or under the "first-out rule," MCR 7.215(J)(1). Our Court Rules set forth a list of standards for publication in MCR 7.215(B). We note that the Court Rule does not state that an opinion may not be published for other reasons, only that it "must be published if" any of the enumerated conditions are present. A party may request publication after an opinion has been issued pursuant to MCR 7.215(D). However, we remind the bar that if they believe any basis for publication exists, it is enormously more helpful—to us and to them—if they bring that basis to our attention *before* the case is submitted. Advocating for publication, or at least the possibility of publication, from the outset guarantees that we can properly consider any such basis at the most appropriate and optimal time, and doing so also avoids the taint of self-interested opportunism after issuance. We would likely look more favorably upon a publication request where we have already had the opportunity to holistically analyze the potential merits of publication in context, while analyzing the rest of the case.

In this matter, plaintiff has brought to our attention the unpublished case of *Concerned Property Owners of Garfield Twp, Inc v Charter Twp of Garfield*, unpublished per curiam opinion of the Court of Appeals, Docket No. 342831 (issued October 25, 2018). This case is unpublished, and we have not relied upon it in our substantive analysis. However, the existence of this case supports that the issues presented in the current matter are of increasing importance and commonality in Michigan, and that the bench and bar would benefit from the certainty that a published opinion would bring. We conclude that publication of this matter is warranted under MCR 7.215(B)(5).

## VI. CONCLUSION

Plaintiff's use of the property for short-term rentals was never permitted under the Township's R-1 zoning. This is consistent with case law establishing that commercial or business uses of property, generally meaning uses intended to generate a profit, are inconsistent with residential uses of property. See *Terrien v Zwit*, 467 Mich 56, 61-65; 648 NW2d 602 (2002). Plaintiff's use of the property for short-term rental was not a prior nonconforming use because it was never lawful pursuant to the Ordinance. The Township's mere failure to enforce the Ordinance does not confer upon plaintiff a right to continue violating the ordinance. Neither does a statement made by any individual without the power to bind the Township, especially where none of the statements clearly express an opinion that short-term rentals in R-1 zones was affirmatively lawful. Accordingly, the trial court properly affirmed the Township Board's denial of plaintiff's application for a short-term rental license.

Affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien