

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

June 29, 1992

Ms. Claire Korioth, Chair
Mr. Richard F. Reynolds, Member
Ms. Allene D. Evans, Member
Texas Department of Insurance
P. O. Box 149104
Austin, Texas 78714-9104

Opinion No. DM-135

Re: Proposed amendments to Texas
Automobile Insurance Plan (RQ-388)

Dear Board Members:

You have requested an opinion concerning the legal status of certain amendments to the Texas Automobile Insurance Plan ("TAIP"), proposed either by the Office of Public Insurance Counsel ("OPIC") or by the TAIP itself.

The TAIP was established pursuant to V.T.C.S. article 6701h, section 35. Section 35 provides, in relevant part, that

> [s]ubject to the provisions of article 5.10, Texas Insurance Code, as amended, insurance companies authorized to issue motor vehicle liability policies in this state may establish an administrative agency and make necessary reasonable rules in connection therewith, relative to the formation of a plan and procedure to provide a means by which insurance may be assigned to an authorized insurance company [for motorists unable to obtain other automobile insurance coverage].

V.T.C.S. art. 6701h § 35.

Section 35 further states that "[w]hen any such plan has been approved by the State Board of Insurance," (hereinafter the board) all insurance companies authorized to offer automobile insurance in Texas must subscribe and participate. Under section 35, "[t]he State Board of Insurance ... may determine, fix, prescribe, promulgate, change, and amend rates or minimum premiums normally applicable to a risk ...." Article 5.10 of the Insurance Code, from which the TAIP ultimately derives its authority, provides, as amended,

> [t]he Board is hereby empowered to make and enforce all such reasonable rules and regulations not inconsistent with the provisions of this subchapter as are necessary to carry out its provisions.

Ins. Code art. 5.10.

The TAIP and the Office of Public Insurance Counsel have each proposed plan amendments relating to the governance of TAIP. Those presented by OPIC provide for changing the composition of the plan's governing committee, which under rule 8.1 of the plan consists of ten company members. Two company members are at present selected by each of four specified insurance associations, and two company members are selected to represent subscribers who are not affiliated with any of these associations. Under OPIC's proposed amendment, the governing committee would consist of nine members, three to be selected by the subscribing insurers, three by the board, and three by OPIC.

TAIP's proposed modification of the governing committee would expand it to 16 members, including the ten members which rule 8.1 now calls for and adding one member each selected by the Texas Association of Professional Insurance Agents and the Independent Insurance Agents of Texas, as well as four public members appointed by the board of insurance.

OPIC has also proposed amending the plan to repeal rule 8.5, which deals with the process of amendment. Under the present rule 8.5, any proposed amendments to the plan "must be approved by a majority of the [governing] Committee members present and voting, with a quorum present" and approved by the plan members before such amendments are "filed with the State Board of Insurance for approval." OPIC asserts that rule 8.5 impermissibly delegates legislative authority to private parties, namely the insurers who are the only members of the plan, and that the amendment process further violates the rights of petition guaranteed by the First Amendment to the Constitution of the United States and by article I, section 27 of the constitution of Texas. OPIC further asserts that rule 8.5 violates section 11 of the Administrative Procedure and Texas Register Act, V.T.C.S. art. 6252-13a, which permits "[a]ny interested person" to "petition an agency requesting the adoption of a rule."

TAIP would amend rule 8.5 by providing that "[a]ny interested party may file" proposed amendments with the plan manager, and by eliminating the necessity that

amendments be approved by the members of TAIP. TAIP further seeks an amendment of rule 8.6 of the plan. Rule 8.6, as it now stands, provides that "[i]f at any time the State Board of Insurance finds that the Plan no longer meets the requirements of law," it may, after notice and a hearing, withdraw its approval. TAIP's proposed amendment would provide that the board "shall notify the Committee in writing so that the Committee may take corrective action."

You have asked a series of questions relating to the legality of the two sets of proposed amendments. Specifically, you ask:

1.      Does Section 35 limit the State Board's authority over TAIP's plan of operation? What is the legal status of the current plan amendment approval and disapproval provisions?

2.      What is the scope of the Board's authority to make or amend rules of TAIP?

3.      Is current plan amendment process as set out in TAIP's plan of operation in compliance with Section 35?

4.      If the Board has authority to amend the TAIP plan of operation, must it follow the amendment procedure set forth in plan of operation?

5.      Does Section 35 give [the] State Board the authority to withdraw its previous approval of [the] TAIP plan? Would the proposed removal of the State Board disapproval provision affect legality?

6.      As so construed, is Section 35 lawful?

7.      If the plan of operation is amended to provide for Board appointment of governing committee members, is Article 1.35C [of the Insurance Code] applicable? Does the State Board have appointment authority beyond Article 1.35C?

The starting point of our analysis must be the enabling legislation, section 35. While a reading of that section might seem at first blush to suggest that the legislature delegated rule-making authority to private insurance companies, a closer reading makes plain that the authority remains vested in the board. Such rule-making authority as may be given to TAIP is given "subject to the provisions of article 5.10 of the Insurance Code," which authorizes the board to make and enforce reasonable rules and regulations. V.T.C.S. art. 6701h, § 35. Reading article 5.10 together with section 35, it is clear that rule-making authority ultimately inheres in the board, rather than in TAIP.

In our opinion, no other reading of the statute would render it constitutional. Article II, section 1 of the Texas Constitution vests the legislative power of Texas in the legislature. *See also* Tex. Const. art. I, § 28, art. III, § 1. While such power is delegable to administrative boards and agencies, it is not delegable to "a narrow segment of the community." *Minton v. City of Fort Worth Planning Comm'n*, 786 S.W.2d 563, 565 (Tex. App.--Fort Worth 1990, no writ). To assert that a group of insurers has been granted rule-making authority independent of or superior to that of the State Board of Insurance is to suppose that the legislature has given the law-making power vested in it by article II, section 1 to private entities. We cannot presume that the legislature intended an unconstitutional result.

The answer to your first question, then, is that section 35, when read in conjunction with article 5.10 does not *limit*, but rather *creates* the state board's authority over TAIP's plan of operation. Rule-making authority ultimately inheres in the board.

"The current plan amendment approval and disapproval provisions," by which we understand you to mean TAIP rules 8.5 and 8.6, must be discussed *seriatim*, since rule 8.5 -- if understood as an exclusive means of amendment -- does not pass constitutional muster, while rule 8.6 in its present form does.

Rule 8.5 purports to establish the sole means by which the TAIP plan of operation may be amended. Under rule 8.5, a proposed amendment is not presented to the board for approval unless both the governing committee and the plan members -- all of which are private entities -- have approved it. While rule 8.5 may be constitutional if viewed solely as an internal rule of the plan, restraining plan members so that they could not present amendments to the board save with majority agreement, it cannot constitutionally be the only means by which the board amends

the plan rules. An arrangement under which private parties arrogate to themselves rule-making authority in such a manner is an unconstitutional delegation of power.

Rule 8.6 as it now stands is consistent with the Texas Constitution, the Insurance Code, and section 35. It properly locates the power to disapprove the plan in the board, as does article 5.10.

The scope of the board's authority to make or amend TAIP rules is subject to article 5.10, rather than section 35. Under article 5.10, the board has power "to make and enforce all such reasonable rules and regulations" as are needed to carry out the provisions of subchapter A of article 5 of the Insurance Code. Section 35 recognizes that this includes the governance of TAIP.

In our view, rule-making authority necessarily includes the right to amend the rules:

> As regards future action, there is generally no fundamental objection to modification or alteration of its rules by an administrative agency, even in the absence of a statute specifically granting such authority to the agency. It has been reasoned that rules must necessarily be subject to change from time to time to meet changing conditions, and that an agency does not exhaust its rulemaking authority by adopting rules in the first instance.

2 TEX. JUR. 3d *Administrative Law* § 20 (1979).

The board, as already indicated, is not required to follow the amendment procedure outlined in rule 8.5. To require the board to follow a rule-making procedure promulgated by private parties, as we have indicated, would be unconstitutional as a delegation of legislative authority to them. The board certainly may consider those amendments which TAIP has proposed under the purported authority of rule 8.5, but it need not limit its considerations to amendments so proposed.

The power of amendment, as a corollary of the rule-making power, derives from article 5.10 rather than section 35, as does the power to withdraw approval. Rule 8.6, as we have stated, is consistent with the constitutional requirements as well as those of article 5.10. It is questionable whether TAIP's proposed revision would

be consistent with the law. The revised version's assertion that "[t]his Plan shall be subject to the continuing jurisdiction of the State Board of Insurance" is properly consistent with article 5.10. The mechanism of "notify[ing] the Committee in writing so that the Committee may take corrective action" is more problematic. While such notification might be permissible, the proposal, if read as vesting the rule-making authority and the authority to alter, amend, or abolish particular rules in the committee as opposed to the board, would raise delegation issues of the same sort as those now raised by rule 8.5.

We are uncertain what is meant by "[a]s so construed" in your sixth question. If by this you mean, is section 35 lawful if construed to delegate rule-making authority to private insurers independent of and not subject to the authority of the board, the answer, as we have previously indicated, is that such delegation would not be lawful.

Finally, you ask whether article 1.35C of the Insurance Code would apply to board appointment of members of the TAIP governing committee. Article 1.35C(a) provides:

> At least one-half of the membership of each advisory body appointed by the board or the commissioner, other than an advisory body whose membership is determined by this code or by another law relating to the business of insurance in this state, must represent the general public.

Ins. Code art. 1.35C(a).

TAIP asserts that article 1.35C is without application here, since TAIP is an administrative agency rather than an advisory body, and its membership is determined by section 35. This argument, however, misses the point of the question. The membership of TAIP is determined by section 35; but section 35 does not establish the governing committee -- the TAIP rules do. The rules, as we have already said, are subject to change by the board. Should the board assert its authority to appoint members to the governing committee, it must do so in accordance with article 1.35C of the Insurance Code.

## S U M M A R Y

The State Board of Insurance has ultimate rule-making authority over the Texas Automobile Insurance Plan, under V.T.C.S. article 6701h, section 35 and article 5.10 of the Texas Insurance Code. Rule 8.5 of the Texas Automobile Insurance Plan, in so far as it purports to be the sole mechanism of amendment for the plan, is an unconstitutional delegation of rule-making power to private parties. The board has power "to make and enforce all such reasonable rules and regulations" as are needed to carry out the provisions of article 5 of the Insurance Code. Such power necessarily includes the right to amend the TAIP rules. The board need not follow the amendment procedure outlined in rule 8.5. Should the board exercise its power to appoint members to the TAIP governing committee, it must do so in accordance with article 1.35C(a) of the Insurance Code, which mandates that at least half of the members of any advisory panel appointed by the board represent the general public.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General